SARAH D. SUMNER *v.* CHARLES R. MILLER.

Proceedings to obtain damages for injuries to land caused by the erec-
    tion of mills, are *Special Proceedings*, and the summons therein should
    be returned before the Clerk.

Statutes which change modes of procedure, govern suits pending at the
    time of their enactment.

The jury required to try issues joined in proceedings for damages caused
    by mills, have no right to assess such damages ; these are assessed by
    Commissioners, to be appointed by the Judge, in case the jury find
    the issues in favor of the plaintiff.

(*Tate* v. *Powe, ante* 644, approved.)

SPECIAL PROCEEDINGS to obtain damages caused by the
erection of a mill, tried before *Cloud, J.*, at Spring Term
1870 of ROWAN Court.

The summons was issued April 3d, 1869, and was made re
turnable *to term.*    The defendant having taken issue upon
the allegations of the complaint, they were submitted to a

jury, who found a verdict for the plaintiff, assessing his damages, &c.

The defendant appealed.

*K. Craige,* for the appellant.
*Boyden & Bailey* and *Blackmer & McCorkle, contra.*

DICK, J.   The remedy of a person injured by the erection of a mill, is regulated by Statute :  Acts 1868–'69, chs. 93 and 158.   These special proceedings were commenced improperly, as the summons was returned to a regular Term of the Superior Court, and they might have been dismissed upon demurrer :  *Tate* v. *Powe, ante* 644.   This irregularity was waived by the plaintiff's putting in an answer, and going to trial upon the merits.   In a case like the present, the summons ought to be returned to the Clerk of the Superior Court, and when the issues are joined, the case ought to be sent to the Judge.   If there are no issues of fact requiring the intervention of a jury, the Judge may determine that the plaintiff is entitled to relief, and order Commissioners to enquire, and ascertain the damages, &c.

Where a jury is needed, the case must be transferred to the trial docket, when they pass upon the issues of fact raised by the pleadings, and if they find that the plaintiff is entitled to relief, three Commissioners are ordered by the Judge to inquire, and assess the damages sustained.   This order is in the nature of a writ of enquiry, and the mode of procedure is regulated by the Statute referred to.

Although these proceedings were commenced before the act of 1868–'69, ch. 158, they are governed by its provisions, as chapter 71 of the Revised Code was repealed :  Acts 1868–'69, ch. 33.   The Statute changed the mode of procedure, but did not deprive the parties of any vested right.

The verdict of the jury was irregular, and must be set

aside as to the damages assessed, for that is a question to be determined by Commissioners.

The complaint alleges that the plaintiff is the owner of the damaged freehold, that the defendant erected the dam, &c.; and the jury have found the allegation to be true. The defendant positively denied the truth of such allegations, in an answer upon oath. The answer was probably filed in the hurry of business, but such inconsistent swearing does not look well in the proceedings of a Court.

As the judgment appealed from is partly confirmed, the appellant is not entitled to costs in this Court. Let this be certified, that proceedings may be had as above indicated.

PER CURIAM.                 Ordered accordingly.