G. W. CLODFELTER *v.* JOSEPH BOST, Guardian.

An action against a guardian for an account and settlement with his ward, should commence in the Probate Court; the mistake in the jurisdiction, (as an irregularity,) is cured either by waiver, as when defendant answers the complaint, or otherwise pleads to the merits, or by the operation of remedial statutes.

The Act of 1866–'67, chap. 59, sec. 2, allowing jury trials in certain cases is repealed.

When the defendant in 1854 took the guardianship of the plaintiff, who as heir of a soldier killed in the Mexican War, was entitled to a pension from the U. S. Government, which facts, within the knowledge of the guardian were sufficient to put him on enquiry as to such pension, and where the guardian had been remiss in other duties: *Held*, that he was responsible for such pension from 1854, until his ward became of age.

CIVIL ACTION, on a guardian bond, tried by his Honor, *Judge Mitchell*, at the Fall Term, 1873, of CATAWBA Superior Court.

The facts, upon which the decision in this Court rests, are fully stated in the opinion of Justice BYNUM.

Both plaintiff and defendant, being dissatisfied with the rulings of his Honor on the trial below, appealed.

*Schenck* and *Smith & Strong*, for the plaintiff.
*Armfield* and *McCorkle & Bailey*, for defendant.

BYNUM, J.  The defendant, in January, 1854, became the guardian of the plaintiff, in place of one Rufus Clodfelter, who had been removed.

The father the plaintiff, died the 15th of September, 1847, from the effect of wounds received in battle, as a soldier in the war with Mexico, and the plaintiff, who was his only child, was entitled to a pension from the government of the United States, by virtue of the laws thereof, from his birth, to-wit: the first of June, 1845, until his age of sixteen, to-wit: June the first, 1861, when the said pension, by law ceased, and is not now recoverable.  Upon complaint and answer, it was referred to the Clerk of the Court, to take the account, which he did, and reported to Fall Term, 1873, when exceptions thereto were were filed and argued by the defendant, but were overruled by the Court, and the report was confirmed.  At the same term of the Court, the defendant claimed a jury trial upon the question of " diligence or negligence," under the provisions of Ch. 59, sec. 2, Acts of 1865–7, which his Honor refused.  The defendant then moved to dismiss the action for for the want of jurisdiction, which motion was allowed, and the plaintiff appealed from the other rulings which were adverse to him.

1. First as to the jurisdiction.  The action should properly have begun in the Court of Probate, as the Court of original jurisdiction, but as the Superior Court had appellate jurisdiction of the same subject matter, the mistake of jurisdiction could be cured, as an irregularity, either by waiver, or by the operation of remedial statutes.

(1.) The defendant admitted the jurisdiction, by putting in an answer to the merits and therin submitted to an account, filing exceptions to the report and allowing the same to be confirmed by the Court, before he moved to dismiss. It was too late. *Sumner* v. *Miller*, 64 N. C. 688.

(2.) Ch. 108, Acts of 1870–'1 and ch. 175, Acts of 1872–'3, were enacted to remedy the mistakes of jurisdiction and apply to such cases as this, as we have held more than once, at the present term of the Court. It was, therefore, error to dismiss the action for want of jurisdiction.

2. Had the defendant the right of a trial by jury, upon the question of "diligence," under the provisions of ch. 59, sec. 2, Acts of 1866–'7?

It is not necessary to decide a question made in the argument, whether that Act is not unconstitutional as an infringement upon the essential powers of the Judiciary, by making that a question of fact, which is only a question of law. We have in *Arnfield* v. *Brown*, decided at this term, declared the said Act to have been repealed by subsequent legislation, and for the reasons stated in that case.

In our case, then, all the facts are found by the referee, and upon review, again found by the Judge, and the only question before us, is, do the facts found, in law, make the defendant liable for the pension?

"Hard cases are the quick sands of the law." Bost, has made no profit out of the guardianship, and we would be disposed to save him from loss, if we could, without violating the well-settled principles which govern such trusts. The loss must fall somewhere—either upon the infant, who was unable to protect himself, or upon him who assumed the responsibility of the parental office, and undertook to take charge of the estate and manage it with prudence and care, and by whose negligence the estate is lost.

We do not rest the decision upon the maxim that "all men are presumed to know the law," and therefore, the defendant must have known that his ward was entitled to a certain pension

under the acts of Congress. To put his liability upon that, would be a harsh rule, and in this case, perhaps, not a sound one. But his liability arises upon the application of another and more just principle, to-wit: a want of due diligence, in the discharge of his known duties, and the lost resulting therefrom. The defendant has been singularly remiss and forgetful of his trust, and seems to have lost sight of his ward and his affairs, from 1858 until the institution of this action in 1869.

In his answer, under oath, he denies that he had ever received into his possession, any lots or lands of his ward, in Florida, but on his examination, as a witness, he admits that he did take them in possession. In his answer, he denies having received from the former guardian, a watch belonging to his ward, but in his evidence he admits having received it. In his answer, he denies all knowledge that his ward's father had been killed in Mexico, but in his his testimony, he admits that it was the current report, and that he had no reason to doubt it. He admits that since 1858, he made no inquiries about the property in Florida, except that he thinks he tried to open a correspondence about it, once during the war.

Thus he knew that his ward's father had been killed as a soldier in Mexico, and that the plaintiff was his only child and heir-at-law. It was therefore his duty to enquire and ascertain whether the father owned any estate or rights of property which would fall to his ward. Such an enquiry would probably have led him to a knowledge of this right of pension. But he made no enquiries and appears to have lost sight of his ward and of his trust.

We conclude that all the facts which were within his knowledge were sufficient to put the defendant upon the enquiry as to the pension, and this, added to his negligence in the matters before referred to, properly subject the defendant to the payment of the pension money lost by his default.

But what is the extent of his liability? There had been a former guardian up to 1854, and the pension was due from the birth of the ward in 1845 until 1854, until Bost became guar-

CLODFETTER v. BOST, Guardian.

dian. The report does not show whether the former guardian had collected the pension to the time of his removal or not. In the absence of proof we must assume that he discharged his duty and collected the pension to the time of his removal. The defendant would therefore be liable for the pension which accrued from 1854 to 1861, when the ward reached the age of sixteen and the pension ceased. But the defendant was also the surety of the former guardian in a bond of $100, and as he is insolvent and a defaulter, the defendant is liable in the penalty of the bond, to wit, $100, which must be added to his other liability.

The Clerk of this Court will reform the report in accordance with this opinion, to wit, by deducting therefrom all the pension and interest thereon, charged from June 1st, 1845, to January, 1854, and by adding to the balance found due $100, the penalty of the said guardian bond.

The judgment dismissing the action is reversed, and judgment here for the amount found due in reforming the report.

PER CURIAM.                                    Judgment reversed.