ANNA K. GILMAN, Executrix, etc., and Legatee, Appellant, v. WINTHROP W. GILMAN et al., Respondents.

A surrogate has power to direct payment to a legatee of a portion of his legacy in anticipation of a final accounting and distribution of the estate, where it can be done without prejudice to the rights of creditors or other persons interested.

The will of H. G. gave to W. W. G. a portion of his estate, but directed that he should have no part thereof until he "fairly accounted for and settled the amount charged against him" on the testator's books. The executors and W. W. G. had a settlement whereby a balance was found due the latter, which settlement was approved by the surrogate, who thereupon directed a payment to W. W. G. of a portion of his legacy, all the other legatees having been paid a sum as great in proportion to their respective interests. *Held*, that the right of W. W. G. to his legacy was not dependent upon payment by him of the amount appearing to be charged against him, but that it could be as well accounted for and settled by offsetting counter demands and charges; and that the settlement removed the objection to an advancement founded on said clause of the will and authorized the surrogate to direct it.

Also, that the surrogate was authorized to direct payment of the sum found due W. W. G. on settlement.

Also, to allow and direct payment to the executors' counsel of his fees as settled and adjusted by the executors.

(Argued September 27, 1875; decided October 5, 1875.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department affirming an order of the surrogate of the county of New York directing certain payments to be made by the executors of the estate of Nathaniel Gilman, deceased.

The testator died in 1859, leaving a large estate, mostly personal. By his will, after a few small legacies, he gave the residue of his estate in equal shares to his children and the representatives of deceased children. As to his son, the respondent William W. Gilman, the will contained this clause:

"Sec. 19. I direct that Winthrop W. Gilman have no portion of my estate until he has fairly accounted for and settled

the amount charged against him on my books for money advanced by me for him, with interest thereon."

Advancements were made from time to time, by order of the surrogate upon petition, to all the residuary legatees save said Winthrop. There had been business dealings between him and the testator, and their accounts were unsettled at the decease of the latter. Extensive litigations having arisen, an agreement for the settlement and compromise thereof was executed by all the parties interested, including the executors, excepting the appellant, Anna K. Gilman, by which, among other things, the respective claims of the estate against Winthrop, and his against the estate were settled and adjusted and the sum of $6,000 was agreed upon as the balance due him from the estate; which sum it was agreed he should receive, over and above his distributive share, in full payment and discharge of all such claims. It was also agreed that Charles H. Glover, Esq., should be paid an amount, not exceeding $4,000, in full for services as attorney in matters of the estate. Thereafter the executors filed a petition for leave to pay, among other things, said $6,000, and $4,000 as counsel fees to said Glover, and said Winthrop filed a petition asking for an advancement of $20,000; which sum was no more in proportion than what had been advanced to the other legatees. Thereupon the surrogate made an order granting the prayer of the petitioners and directing such payments; from which order said Anna K. Gilman appealed.

*E. C. Benedict* for the appellant. The surrogate had no power to act upon the claim of W. W. Gilman before the referee had reported. (2 R. S., 88, §§ 36, 37.) He had no power to direct the payment of a disputed claim. (*Magee* v. *Vedder*, 6 Barb., 352; *Wilson* v. *Bap. Ed. Soc.*, 10 id., 316; *Ruthven* v. *Patten*, 1 Robt., 416; 2 R. S., § 71; *Wilcox* v. *Smith*, 26 Barb., 336.) The parties should pay their own counsel fees. (*Wilcox* v. *Smith*, 26 Barb., 339; *Lee* v. *Lee*, 39 N. Y., 172; *Devin* v. *Patchen*, 26 id., 446, 448.)

*Charles H. Glover* and *Charles E. Whitehead* for the respondents. The executors had a right to compromise the claim of W. W. Gilman and pay him a just proportion of the balance due him. (*Chouteau* v. *Suydam*, 21 N. Y., 179; *Murray* v. *Blatchford*, 1 Wend., 583; Laws 1847, p. 88; 2 R. S., 91, § 50; id., 116, § 18.)

ANDREWS, J. The printed case furnished on this appeal is voluminous, and contains a great deal of matter irrelevant to the questions involved. These questions will be briefly considered.

It is in the power of a surrogate to direct a payment to a legatee of a portion of his legacy, in anticipation of the final accounting and distribution of the estate, where this can be done without prejudice to the rights of creditors or other legatees, or persons interested.

The statute authorizes the surrogate, on the application of a legatee, to decree payment of his legacy or its just proportional part, at any time after one year from the granting of the letters (2 R. S., p. 116, § 18), although the executors cannot be cited to render their final account until eighteen months after their letters are issued. (2 R. S., p. 92, § 52.) The respondent had received nothing on his share as one of the residuary legatees, when the order appealed from was made, although nearly all the other legatees, including the appellant, had been paid out of the estate, upon their legacies, a sum as great or greater in proportion to their respective interests than was directed to be paid to the respondent. The application by the respondent was made more than twelve years after the probate of the will. The order is not objected to by any of the legatees except the appellant, and as she has received on her share more than $25,000, there seems to be no ground upon which her opposition to the payment to the respondent can be justified, unless it is by reason of the direction in the will that he is to have no portion of the estate " until he has accounted for and settled the account charged against him on the testator's books for money advanced, etc."

Prior to the making of the order the executors, other than the appellant, had agreed with the respondent upon a settlement and adjustment of the account of the testator against him, and of the account claimed by the respondent against the testator, whereby the respondent was to be allowed the sum of $6,000, as the balance found to be due to him on the settlement. The *bona fides* of this settlement is not impeached.

The right of the respondent to his legacy was not, as is well stated in the opinion of the General Term, made by the testator to depend on the payment of the amount appearing to be charged against him on the books, but on his fairly accounting and settling the account, and this could be done as well by offsetting counter demands and charges as by actual payment in money. This settlement was approved by the surrogate in the order appealed from, and while it may be impeached on the final accounting, for fraud or other reason, it removed the objection to an advancement to the respondent, founded on the clause of the will referred to.

The direction in the order to pay this debt as adjusted, and also the sum of $4,000 for counsel fees, was within the authority of the surrogate, and is approved for the reason stated in the opinion of the General Term. It is scarcely necessary to add that the appellant not being a party to, is not bound by the agreement of November 1, 1872.

The order of the General Term should be affirmed, with costs to be paid out of the estate

All concur.

Order affirmed.