(76 Hun, 36.)

## In re HAWXHURST'S ESTATE.

### In re RITCH.

(Supreme Court, General Term, Second Department.    February 12, 1894.)

EXECUTORS AND ADMINISTRATORS—ACCOUNTING—EXPENSES OF LITIGATION.
Where the next of kin request that an appeal be taken from a judgment against the estate, and the questions raised on the appeal are sufficiently doubtful to warrant a hope that the judgment might be reversed, the administrator will be allowed his reasonable disbursements on such appeal.

Appeal from surrogate court, Queens county.

Proceeding for the judicial settlement of the accounts of Thomas J. Ritch, Jr., as sole administrator with the will annexed of Nathaniel O. Hawxhurst, deceased.    From a decree settling the accounts, said Thomas J. Ritch, Jr., appeals.    Reversed.

Argued before DYKMAN, PRATT, and CULLEN, JJ.

Geo. C. Brainerd, for appellant.

Benjamin W. Downing, for respondent.

PRATT, J.    This matter seems to have been determined by the surrogate, not upon the ground that the services for which the $200 were charged were not performed, or that they were not worth that amount, but upon the theory that no appeal ought to have been taken, and hence they were unnecessary.    It is plain, I think, that if the decision was based upon the point the services were not worth the amount charged, it is not sustained by the proofs, as there is no evidence going to show they were worth less than charged; neither is there any direct proof that they were incurred

in bad faith. The surrogate, however, has found as a fact "that all the rest of kin [except the plaintiff, who had recovered the judgment] united in a request and a statement that said administration have the said judgment reviewed by other tribunals." Here was a judgment that swept away the entire estate, and it is not to be supposed for an instant that a clamorous judgment creditor would favor an appeal that might upset his judgment. The questions raised upon the appeal were sufficiently doubtful to warrant a hope that the judgment might be reversed. Considering this fact, and the further fact that all the next of kin urged an appeal, we think the administration acted in good faith; that he had reasonable grounds upon which to appeal, and should be allowed his reasonable disbursements. Order reversed, with costs. All concur.