Bissell, J.,
delivered the opinion of the court.
Thomas E. Davies died intestate in November, 1892, leaving no relatives in this country. Prior to his death he had been living with Mrs. Filbeck, who was in-the same month appointed administratrix of his estate. The deceased left no property, other than one unexpired insurance policy for $5,000. Mrs. Filbeck took charge of the estate, attended to his funeral and burial, and generally performed the duties which devolve on relatives. She afterwards entered upon the active administration of the estate, and when she attempted to collect the amount .due on the insurance policy, the company refused to pay. Evidently some negotiations were had between the administratrix and the company with reference to proofs and other matters incident to the collection, but it resulted in a final rejection of the claim by the company, which resisted payment on the ground of an alleged breach of the conditions expressed in the policy. It is not needful to state either the history or the nature of the contest, because we are only concerned with the accounts which were filed in the county court by the administratrix in her final accounting. The only claims to which we shall refer are those respecting the fees of Messrs. Felker & Dayton and Mr. Shell, and the commissions of the administratrix. These are the only disputed items. When the company refused to pay the policy, the administratrix employed Mr. Shell to attend to the various matters connected with her administration. On ascertaining that the company would insist on litigation, it was deemed best to employ other counsel, and Felker & Dayton were called into the suit. At the time the lawyers were employed the estate had no monejn It was insolvent unless the policy should be collected. Under these *322 circumstances, the administratrix declined to assume any personal responsibility about it, and would only employ the lawyers on the basis of payment in case the policy should be paid. Such an agreement was made,.though there was no specific stipulation as to the amount which the attorneys should receive. The contract was that they should take the matter in charge on a contingency, and receive a reasonable compensation for their services. Suit was begun. It was defended, ultimately went to trial, and the administratrix had judgment. This was paid, less a small reduction of interest, which was permitted by the court. When it was collected, the administratrix settled with the attorneys, paid them their charges, filed her account in the county court, and asked the allowance of the amount paid out and her commissions. This presents all there is in the case. There was an unsuccessful attempt to have the fee fixed by the county court. The matter took the usual course in such cases. The administratrix settled and presented her account for final allowance. The county court deducted a very considerable percentage,— about one third from the account of Felker & Dayton, and about fifty per cent from the Shell account, and sixty per cent from that of the administratrix. As thus scaled, the account was allowed, and the parties interested took the case to the district court, where it was tried wi th a similar result.
In determining this case, we do not depart from the general rule which leads us to follow the judgments of trial courts in determining questions of fact. There is no dispute about the facts. The accounts were proven to be just and reasonable by the testimony of nearly all of the witnesses, whether produced by the claimants or by the father, on whose behalf exceptions wez'e filed. They do not disagree. The fees are almost universally put at a sum beyond that which the lawyers charged. In setting aside the finding of the district court therefore, we simply accept the testimony and only disagree with the conclusion. The court itself found there was no question respecting the authority of the administratrix to employ counsel, and that the fees *323 charged would, under ordinary circumstances, have been reasonable, and, in fact, lower than the usual fees in such eases. We are not very much concerned with the reasons which the court gave for scaling the charges, but we may state the only one assigned is the administratrix and the attorneys ought to have reported their doings to the court in order to give the sole heir, who was the father in Wales, a chance to protect himself and the estate by the employment of counsel for an agreed compensation based on no contingency. We are unable to see the force of the suggestion. As the case stands, we cannot see that the father was unable to protect himself. He might have taken steps both to remove the administratrix, and to assume the control of the administration. It is immaterial what reasons influenced him. This has nothing whatever to do with the question at issue. We are only to inquire whether the proof sustains the judgment, or whether it justifies and requires a different finding from what was embodied in the order. This we are compelled to conclude, because all the evidence establishes the reasonableness of the charges.
It may be laid down as a general proposition that administrators are entitled to proper credits in their account for all disbursements made in good faith on behalf of the estate in the course of the administration, whether they concern its necessary expenses, or what may be laid out in recovering assets. This proposition is accepted by all the authorities. The rule extends so far as to justify the representative in making contracts with counsel for fees contingent on the recovery of assets, and therefore estimated at a larger figure then would be proper where the compensation was certain and dependent on a contract which was enforeible in any event as against the representative. Woerner on Adm., vol. 2, sec. 514; Schouler’s Executors and Administrators, sec. 544; Semmes v. Whitney, 50 Fed. Rep. 666; Taylor v. Bemiss et al., 110 U. S. 42; Heirs of Holmes v. Admr. of Holmes, 28 Vt. 765; Forward et al. v. Forward, et al., 6 Allen, 494.
*324 This proposition is conceded by the attorneys for the appellee, with only the limitation that the power does not extend to the making of a special contract, or a contract for a contingent fee. We do not understand the rule to be subject to any such limitation, except as, of course, it must be always subject to the supervision and control of the court charged with the duty of passing on the accounts of personal representatives. As a general proposition, it is doubtless true the administrator is without the right to pay debts or disburse the funds of the estate, except upon allowance by the court, which must determine the manner and the extent of the payments, as well as the distribution of the general funds to the heirs of the persons entitled. If the administrator pays out money without the direct authority of the court, the account is subject to examination, and it may be surcharged or falsified as circumstances may require or the court deems proper. We do not undertake, to say what the general rule is with respect to accounts of this description, or whether the administratrix had a right to pay and present the account for allowance, or whether the account should have been first presented, and paid after allowance. In reality, it makes very little difference in the present case, for the result would be the same in either. Whichever course was pursued, the ultimate approval of the court must be obtained before the account is passed and allowed, and the administrator relieved from any further responsibility. When the administratrix took the responsibility of paying the bills, she likewise took chances on ultimate disapproval, if the court should disagree with her respecting the justness of the accounts paid. All we are called upon to determine is whether the accounts as presented were reasonable, in their sums, calculated on a just basis, and should have been allowed as they were filed. This was the only, question litigated. We cannot conclude otherwise.. All agree the charges were less than the ordinary fees charged in such cases, and to this the trial court assented. , This fully justifies us in our conclusion, which is that the accounts as filed in the *325 district court should'have been allowed and judgment entered for those sums. As we have aright to do under the statute, we reverse the judgment of the court below, and direct that judgment be entered allowing the accounts as filed, and that the order of the district court reducing the claims be set aside and held for naught.
The proper judgment will be entered.

Reversed.