(Surrogate's Court, Washington County. April 3, 1899.)

1. ADMINISTRATORS—ACCOUNTING—CREDITS.

An administrator will not be credited with an amount allowed a debtor of the estate, on an adjustment of his note, on an unverified claim not supported by proof, and for money disbursed several years prior to the intestate's death.

2. SAME—CHARGES FOR WILLFUL DEFAULT.

An administrator petitioned for his appointment, at the instance of a debtor of the estate, knowing of the existence of a note given by such debtor. Eighteen months afterwards, on being compelled to file an inventory, such note was not included. No attempt had been made to collect the note, though the administrator saw the debtor obtain possession of it on the day of the intestate's death. *Held*, that the administrator should be charged with the amount due on the note, with interest.

3. SAME.

An administrator should be charged with the value of the inventoried assets, as shown by the inventory, where no loss or depreciation in value is shown.

4. SAME—ATTORNEY'S FEES.

Attorney's fees should not be allowed an administrator on his accounting, where no bill of items was presented, and no voucher was offered showing a payment of any part thereof.

5. SAME—COSTS.

> An administrator who neglected to file an inventory for 18 months, and who has been willfully negligent in collecting the assets, should not be allowed costs on a petition by an heir for an inventory and accounting.

6. SAME—COMPENSATION.

> An administrator who neglected to file an inventory for 18 months, and until compelled to do so, and who has been negligent in the management of the trust, will not be allowed commissions.

In the matter of the judicial settlement of the account of Frances Baker as administrator of the goods, etc., of Elizabeth Wilbur, deceased.

Van Ness & Curry, for administrator, Baker.

James C. Rogers, for contestant, Mary Wilbur Irwin.

INGALSBE, S. The administrator herein was appointed June 19, 1896. On January 17, 1898, Mary Wilbur Irwin, one of decedent's next of kin, petitioned for the filing of an inventory and for an accounting. On the return day of the citation issued upon this petition, the administrator presented the inventory, and petitioned for the judicial settlement of her account. The amount of the inventory filed was less than $400. All but $33.13 of this amount was in the note of a solvent debtor. No vouchers have been filed in support of any of the disbursements contained in the account. The administrator is not one of the next of kin of the decedent. The intestate was an old lady, feeble in body and mind. At her death she was supposed to be the owner of a United States bond, a Mead note, and a note of J. W. Gould, of about $1,000 each. Neither the bond nor the Gould note is mentioned in the inventory, and the Mead note appears at a very much reduced amount, and not in the form prescribed by statute. The testimony as to the bond points to its disappearance some years before the decedent's death. As to the Mead note, the testimony is inconclusive. While it shows that the administrator failed to perform her duty as to its collection, and that thereby the estate has suffered diminution, yet it does not present data sufficiently definite, so that the amount with which she should be charged can be determined, except that she should not be credited an item of $23.30. This sum she allowed Mead on the adjustment of his note, upon an alleged claim against the decedent for money disbursed several years prior to her death. The claim was not verified. Mead presented no proof as to its correctness, or nonpayment by the decedent during her lifetime, as might be reasonably assumed under the circumstances, Mead having been her debtor for many years. The accountant learned from the decedent of the existence of the Gould note some years before her death. She had no knowledge that any part of it had been paid. She found no papers or receipts showing any payment. She did not, however, include the note or make any reference to it in the inventory of the personal property, which she duly verified, and, when compelled to do so, filed in the surrogate's office. Eighteen months, however, after her appointment, she requested of Mr. Gould, by letter, a settlement of the note, stating that it belonged to the estate, and that she understood it was in his possession. She

received no answer from Gould, not even a denial of his indebtedness, but she made no further attempt to collect it. All this appears from her own testimony. It is shown by other testimony in the case that, on the very day of decedent's death, Gould obtained possession of this note, in the presence of the administrator, from a person with whom it had been left for safekeeping.

An administrator represents the person of his intestate in respect to his personal estate. Among other things, it is his duty to discover and collect the assets of the decedent for the benefit of the creditors and next of kin. To this end, he is invested with the same powers and remedies which belonged to his intestate when living. In the use of these powers he must exercise the same diligence and attention which a discreet business man would use in his own business. If he does not, and loss results, he becomes personally responsible to the parties interested. In Re Hosford, 27 App. Div. 427, 50 N. Y. Supp. 550, it was decided that, having notice of an indebtedness to the estate, an executor is bound to active diligence in its collection, and that even the advice of an attorney would not relieve an executor from the duty of active vigilance in the collection of the assets left by his decedent. He is bound to know his duty in that regard. Here, however, there is evidence, not merely of neglect, but of willful default amounting to collusion with the debtors, Gould and Mead. The accountant testifies that she petitioned for appointment at Gould's instance, and that she knew of the existence of his note. Yet she did not include it in her verified inventory of the estate; she did not file the inventory until she was compelled to do so; when filed, it was fatally defective as to the Mead note; she made no attempt to enforce the collection of the Gould note, of which she saw Gould obtain possession from its custodian on the very day of the old lady's death. The administrator should be charged with the amount which the evidence showed was unpaid on the Gould note, with the interest. The administrator has not shown that there was any loss or depreciation of the value of any of the inventoried assets. She should be charged their value as shown by the inventory. The item in the account, of $42.03, alleged to have been paid for attorney's services, was objected to, and should be disallowed. No bill of items was presented, and no voucher was offered, showing payment of any part of this amount, and its payment was not proved. The administrator should not be allowed costs in this proceeding. Indeed, it is a grave question whether she should not be charged personally with them. Neither is she entitled to commissions. She neglected to file an inventory, she did not render an account of her proceedings until compelled to do so, and she has been negligent and unfruitful in the management of the trust reposed in her. Commissions are allowed as compensation for services faithfully rendered, not for duties disregarded or estates dissipated.