Matter of the Judicial Settlement of the Account of ADDISON
O'NIEL, as Executor, etc., of AGNES LIVINGSTON JONES, De-
ceased.

(*Surrogate's Court, New York County, Filed July*, 1899.)

EXECUTOR—ATTORNEY'S FEES ON SMALL ESTATE.

> The size of the estate must necessarily play an important part in
> fixing the compensation of an attorney for an executor. If attorneys,
> who receive large fees for their time and labor, care to engage in the
> litigation of a small estate they must be satisfied with correspond-
> ingly small remuneration. A charge amounting to one-half of an
> $8,000 estate reduced to one-quarter.

Exceptions to the report of a referee.

Booraem, Hamilton & Beckett, for executor; Thomas M.
Tyng, special guardian.

VARNUM, S.—This is one of the undecided matters of Sur-
rogate Arnold. The main question presented by the exceptions
to the referee's report relates to the charges made to the ac-
countant by his attorneys. A very bitter personal controversy
between the special guardian who raises this issue and these at-
torneys has arisen, and I have, in consequence, been burdened
with briefs that were unnecessarily lengthy. I am convinced
that the professional services that were rendered were char-
acterized by skill and ability. The attorneys consumed much
time in the performance of their duties, and their efforts were
generally successful. If only a question of the character of the
services were before me, I should say that they were probably
worth the amount that was paid by the estate. But it seems
to me that, when the question of compensation of an attorney
is presented to this court, the ability of counsel and his success
in litigation are not the only elements to be considered. The

size of the estate must necessarily play an important part. The amount involved in a civil action is properly taken in consideration in determining the value of a lawyer's services (Randall v. Packard, 142 N. Y. 47, 56; People v. Bond St. Sav. Bank, 10 Abb. N. C. 15), and this test is peculiarly applicable in this court, whose duty it is to conserve estates and see that the persons interested therein obtain their just dues. The estate herein was a small one, amounting to about $8,000, and the fees paid to the attorneys of the executor amount to about one-half of this sum. In view of all the attendant circumstances, I am of the opinion that, in spite of the arduous services rendered, the sums charged were excessive. If attorneys, who receive large fees for their time and labor, care to engage in the litigation of a small estate they must be satisfied with correspondingly small remuneration. The amounts paid to the attorneys of the accountant, which are objected to, will only be allowed to the extent of one-half. Furthermore, I see no reason why the costs herein should be borne by the contestant personally, and the motion to that effect is denied. In all other respects the exceptions filed are overruled, and the referee's report will be confirmed.

Exceptions overruled and report confirmed.

---

## NOTE ON COUNSEL FEES OF EXECUTORS AND ADMINISTRATORS.

**GENERALLY.**

Executor or administrator held entitled to employ an attorney for the purpose of advising him as to the administration of the estate, and to pay him therefor, always subject to the general requirements of good faith and reasonable prudence. King v. Berry, 3 N. J. Eq. 261; McGregor's Estate, 131 Pa. St. 359.

This is usually confined to the performance of services of a legal nature which the executor or administrator cannot himself perform. Langston v. Canterbury, 173 Mo. 122.

Proper to employ an attorney in the prosecution or defense of actions or suits by or against the estate. Satterwhite v. Littlefield, 13 Sm. & M. (Miss.)

Although a special administrator is an attorney, it is not his duty to act as such in his own defense. Powell v. Foster, 71 Vt. 160.

An executor or administrator is entitled to credit in his account for the reasonable charges of counsel. Matter of Miller, 3 Redf. Surr. 302.

Administrator who was removed on account of his infancy at the time of his appointment, after the commencement of a suit against him, has been allowed his costs out of the estate. Carow v. Mowatt, 2 Edward, 57.

Where an executor under a will, the probate of which was reversed, became liable for fees of counsel engaged to prosecute an appeal, and afterwards, on being appointed administrator, actually paid such counsel fees, he was not entitled to include such fees in his account as administrator, and receive reimbursement from the estate without first having the item of the fees allowed in his account as executor. Matter of Blair, 67 App. Div. 116.

Executor or administrator entitled to allowance for counsel fees in litigation undertaken by him, regardless of the result thereof, if it appears that same was undertaken in good faith. Wilcox v. Smith, 26 Barb. 316.

Separate counsel are not usually allowed for co-executors or co-administrators. McDaniel's Estate, 9 Pa. Co. Ct. 232.

Surrogate has power to allow and direct payment to the executors' counsel of his fees as settled and adjusted by the executors. Gilman v. Gilman, 63 N. Y. 41.

Upon an accounting by a testamentary trustee and the executors of her deceased co-trustee, the surrogate has no power to make an additional allowance to the executors of the deceased testamentary trustee, or to their attorney, for services rendered by the attorney preliminary or incidental to the compromise of a devastavit committed by the deceased trustee. Matter of Welling, 51 App. Div. 355.

## COURT APPROVAL.

Not necessary that fees paid should be fixed or approved by court before payment thereof, in order that they may be allowed. Filbeck v. Davies, 8 Colo. App. 320.

Court which passes finally on an accounting has ample discretion, and is not bound by the refusal of another judge at an earlier point in the litigation, to make the allowance asked for. Brooks v. Brooks, 12 S. C. 422.

Interested parties are entitled to object to allowance for counsel fees when same are applied for or when the account setting same forth is filed for allowance. Tell v. Stiles, 60 Miss. 849.

## PERSONAL LIABILITY THEREFOR.

In some States executors and administrators have been relieved of personal liability by statute. Bruning v. Golden, 159 Ind. 199.

Surrogate has no authority, upon the accounting of an executor, to direct

him to pay a sum to his counsel for the services of the latter; charges for services, rendered by an attorney to an .executor, are against the executor individually, and there is no authority warranting a decree in favor of the attorney, against the estate, or against the executor as such. Seaman v. Whitehead, 78 N. Y. 306.

## NECESSITY MUST BE SHOWN.

Where an executor of a will, who was unsuccessful in procuring its admission to probate, employed additional counsel to prosecute the case in the Court of Appeals, and gave his note for such services, which was not delivered until after the letters were revoked, such note did not constitute an actual payment, and was properly disallowed by the referee in passing on the allowance of payments made by such executor. Matter of Blair, 28 Misc. 611.

Where administratrix files no inventory until she is forced to do so by a compulsory accounting, and does not then include in it a note of a solvent debtor, of whose existence she had long known, and never made any attempt to collect the same, although it was the main asset of the estate, she will be denied the allowance of attorney's fees. Matter of Wilbur, 27 Misc. 126.

## CONSENT OF BENEFICIARIES OF ESTATE.

When the questions raised in an action are sufficiently doubtful to warrant the hope that a judgment recovered against an estate may be reversed, and when all the next of kin, other than the judgment creditor, urge an appeal from such judgment, the administrator of the estate is justified in taking an appeal therefrom, and upon his accounting should be allowed his reasonable disbursements in connection therewith. Matter of Ritch, 76 Hun, 36.

## FOR WHAT SERVICES MAY BE EMPLOYED.

An executor cannot employ counsel to perform trust duties which the executor can do without such assistance. Matter of Murray, 40 Misc. 433.

The representative should be deemed entitled, not to the usual professional charges as a specific sum, but to a fair and reasonable allowance for his own services. Clark v. Knox, 70 Ala. 607.

Where an executor, in accepting the trust, is compelled to abandon his general practice at law, such fact is not a ground for the allowance of extra fees, unless his time has been occupied in performing extraordinary services. Chatfield v. Swing, 6 Ohio Dec. 666.

Allowance denied for ordinary legal services in preparing an inventory. Matter of Collyer, 9 N. Y. Supp. 297.

## CHARGES IN PARTICULAR ITEMS OF ADMINISTRATION.

Entitled to the allowance of a fee paid to an attorney who assisted in the probate of the will. Gairdner v. Tate, 110 Ga. 456.

Where probate in another State becomes essential, counsel fees on such probate follow the general rule. Young v. Brush, 28 N. Y. 667.

Entitled to fees for counsel employed in attempting to sustain the will against attacks on the ground of invalidity. Douglas v. Yost, 64 Hun, 155.

One who, in good faith and in the exercise of a reasonable discretion, has failed in establishing a will naming him as executor, is entitled to reimbursement from the estate of counsel fees. Phillips v. Phillips, 81 Ky. 328.

Test of the right of an executor to an allowance for counsel fees is not so much his good or bad faith as whether or not the litigation was for the benefit of those entitled to the estate. Sheetz's Appeal, 100 Pa. St. 197.

Where a will directs payment by executor of testamentary charges and expenses, charges incurred for legal services rendered the executors in proceedings for the revocation of probate are chargeable to the *corpus* of the estate. Wolfe v. Wolfe, 2 Den. Surr. 305.

For a judicial direction sought needlessly or in bad faith or with needless accumulation of expense, full reimbursement from the estate will not be granted. Baxter v. Baxter, 43 N. J. Eq. 82.

Expenditures made or incurred by the executor in defense of claims against the estate, although incurred under advice of counsel, should not be allowed in his account, where the executor in the management of his own affairs would not have incurred them. Matter of Huntley, 13 Misc. 375.

An executor who employs counsel, in litigations for the benefit of the estate, will be allowed the reasonable value of their services, although he has not paid their claims. Douglas v. Yost, 64 Hun, 155.

It is ordinarily the duty of the executors of a will to use reasonable diligence to secure such a construction of the will as will be agreeable to the intention of their testator, and they have authority to incur such expenses, including the payment of counsel fees, as are reasonable and necessary for the performance of such duty. Matter of Huthison, 84 Hun, 564.

Where an action is brought against an executor individually to recover the price of a tombstone, ordered by him in pursuance of a direction in the will, and a judgment is recovered against him therein, which is paid by him, he is entitled upon his final accounting to be allowed the costs and disbursements included in the judgment in such action, and a reasonable

counsel fee paid to his attorney, provided he acted in good faith in defending the action. Matter of Grout, 15 Hun, 361.

## WHEN REFUSED.

Probate court, on a hearing in the matter of an estate and guardianship, has no jurisdiction to peremptorily order an attorney to refund money received from the executrix and guardian in payment of attorney's fees in excess of what the court considers reasonable for the services performed, since the attorney has a right to be heard with reference thereto. Tomsky v. San Francisco Superior Court, 131 Cal. 620.

Where executor conducts fruitless suits, he will not be allowed the expenses thereof, although they were brought under advice of counsel. Matter of Stanton, 41 Misc. 278.

Negligence which did not cause the litigation will not prevent the allowance of sums paid as counsel fees. Forward v. Forward, 6 Allen (Mass.), 494.

Representative not entitled to allowance from the State for services of an attorney in advising him as to his charges for administering. In re McAlpin, 8 Ohio S. & C. Pl. D. 654.

Nor in litigation in respect to his compensation. Bell v. Goss, 76 S. W. 315.

Nor in an unsuccessful attempt to retain ancillary administration, where false statements were made in the application therefor. Doris v. Miller, 105 Iowa, 564.

Nor in a suit to determine his right to administer the estate. Cate v. Cate, 43 S. W. 365.

Nor for the expense of a suit brought, not against the estate, but against him individuallly. Ex parte Allen, 89 Ill. 474.

Where executor, who is also a beneficiary under a will, employs counsel to uphold the will against a contest in which the will is set aside, it is proper for the court to apportion such counsel fees as between such person in his individual capacity and as executor. Bruning v. Golden, 159 Ind. 199.

Improper for surrogate to allow counsel fees for services of attorney in support of claim made by executor in his individual capacity against the estate under an alleged agreement. Shakespeare v. Markham, 72 N. Y. 400.

A charge for services rendered by an attorney to an executor in the management of the estate, or the conduct of its business, whilst the executor is enjoined by order of the surrogate from transacting any business for the estate, should not be allowed upon his accounting. Matter of O'Brien, 5 Misc. 136.

### WHEN ACTING AS HIS OWN ATTORNEY.

A public administrator ought not to be allowed compensation as attorney in addition to his commission. Loague v. Brennan, 86 Tenn. 634.

Costs against the adversary may be recovered by the executor or administrator who prevails as attorney; but where the judgment for costs cannot be collected by him, he cannot be allowed the amount thereof out of the estate, although he may have his disbursements and expenses. Campbell v. Purdy, 5 Redf. Surr. 434.

If one named as executor has never taken out letters nor exercised any control over the estate, his relations thereto as counsel are the same as those of any other person. Campbell v. Mackie, 1 Dem. Surr. 185.

If an executor prefers to act as his own counsel, he cannot charge the estate therefor and receive compensation for professional services in the nature of advice; but if an executor, who is an attorney, institutes or defends suits or other legal proceedings for the protection and benefit of the estate, these services, not being required of him as executor, or within the line of his duty as such, he is entitled to compensation therefor. McCloskey's Estate, 11 Phila. 95.

Executor who is an attorney cannot be allowed any fees whatever from the estate for professionally defending and conducting action brought against estate, although requested so to do by his co-executors, with a promise of compensation, and although legatees and next of kin united in such request. Collier v. Munn, 41 N. Y. 143.

Although an executor who is an attorney at law cannot have compensation for professional services rendered by him to the estate, and if, having a partner, he employs him in business of the estate, no charge can be made by the firm, yet, if the executor is excluded from all participation in the compensation, his partner may be paid like any other person for similar services, and the executor may, as an individual, employ his partner, as an individual, to do work for him in matters of the estate, outside of and independent of the copartnership, and become personally liable therefor. Parker v. Day, 155 N. Y. 383.

### AMOUNT.

Burden of proof is upon the representative to show that the sum paid for the services and advice of counsel is reasonable and proper under all the circumstances. Mutchmore's Estate, 9 Pa. Dist. 293.

### AMOUNT OF ALLOWANCE.

Attorneys for executors allowed $2,176.67, and allowances discussed. Matter of Hosford, 62 App. Div. 626.

Payment of $4,000 attorney's fee on an estate the personalty in which was valued at $63,000, allowed. Matter of Ogden, 41 Misc. 158.

The amount to be allowed an executor for attorney's fees may be fixed by the court during the progress of the administration, before settlement of his accounts. In re Kasson, 119 Cal. 489.

Value of services the sole test, without regard to the size of the estate. Beecher's Estate, 5 Pa. Co. Ct. 115.