In the matter of the appeal of THOMAS MOORE from an order overruling his exceptions to the account of James H. Moore, as counsel of James Moore, deceased.

[Filed December 14th, 1900.]

1. Where a testator provided by his will that certain advances evidenced by separate papers should be deducted from each son's share of the estate, an advancement of $14,000 shown by such a paper was properly charged against the share of a son, who had admittedly received $15,000 from the father without repayment.

2. Where a testator provided that the amounts to be charged as advancements to his sons should be evidenced by papers made subsequent

to the execution of his will, there was no attempt to add to, change or complete the provisions of the will by papers not executed with the formalities required by the statute of wills, since such papers were not testamentary in their character.

3. Where a son, having received advances to the amount of $15,000, claimed an equitable deduction therefrom by reason of his father's promise to pay him certain commissions, which promise was indefinite as to the manner of its performance, a provision in the father's will treating the $15,000 as money advanced and chargeable to the portion of the son, was binding on the son.

On appeal from the Union county orphans court. On exceptions to an inventory and final account.

*Messrs. Glen & Rosinger,* proctors for the exceptant.

*Messrs. Lindabury, Depue & Faulks,* proctors for the executor.

REED, VICE-ORDINARY.

James Moore died August 14th, 1897, leaving a will, which was probated August 27th, 1897, and letters testamentary issued to James H. Moore, his son and surviving executor.

The will contained the following clause:

"In making division of my property aforesaid as above directed I hereby further direct that certain amounts of money that I have already advanced or may hereafter advance to certain of my children, shall in each case be charged against the portion of each of said children, and be inventoried as part of the estate of which I may die seized, at the full amount of the charge in each instance, but without interest thereon. All such charges are contained in sealed envelopes to be found with this my last will. All other evidence of indebtedness against any of my said children, which I may have at my death, I hereby give and bequeath to such debtors, respectively, to each child the evidence of his or her indebtedness, and discharge each of said debtors from all his or her obligations in respect to such and all indebtedness for any such advances or debts, except such as I have heretofore specified as being left with this my will.

"These amounts I cannot at present certainly indicate, as they are liable to be changed before my death by payments to be made or by further advances by me."

After the testator's death the executors found the will in a sealed envelope, and with it three other papers, signed by the testator, one of which was in the following form:

"ELIZABETH, N. J., February 22d, 1893.

"The sum of $14,000 is to be charged to account of my son Thomas (without interest) for money heretofore advanced by me to him in accordance with the provisions of my will contained in the third section thereof.

"JAMES MOORE."

The point taken by Thomas Moore, the exceptant, is that "this paper is an attempt to add to, change or complete the provisions of a will by a subsequent paper not executed with the formalities required by the statute of wills."

There is no doubt that a testator can provide that the amount to be received by a legatee shall be dependent upon a condition of fact to be ascertained *aliunde.* Some of these conditions are noted by Chief-Justice Denio, in his opinion in the leading case of *Langdon* v. *Astor's Executors, 16 N. Y. 1, 26.*

This is so, even though the condition may be brought about by the testator himself. *Stubbs* v. *Sargon, 3 Myl. & C. 507.*

The testator could have provided that all advances made to, or debts owing by, a legatee, whether made or incurred before or after the execution of the will, should be deducted from his portion. Such amount may be ascertained by parol evidence, and may be varied by advancements made subsequent to the execution of the will. *1 Underh. Wills 447.*

A frequent testamentary provision is that such debts or advancements as are charged on testator's books against legatees shall be deducted, and these provisions are valid. *Robert* v. *Corning, 89 N. Y. 227.*

When a testator provides that such advancements as are indicated by entries, to be subsequently made by him, shall be deducted from the share or legacy, a mere entry, it seems, unless there have been advancements in fact, will not suffice. *Hoak* v. *Hoak, 5 Watts 80.*

Parol evidence is admissible to support the book entries. *Estate of Mussleman, 5 Watts 9; Gilman* v. *Gilman, 63 N. Y. 41.*

In the present case I think it appears that, before the execution of the will, testator had paid to, and for the benefit of, the exceptant moneys, which were never repaid, to an amount in excess of $14,000. It is to this sum that the testator alludes when he speaks of the amounts of money "that I have already

advanced." The checks produced, taken in connection with the explanation of the exceptant himself, seems to establish this fact.

It is true, the exceptant says, after admitting advances to the amount of $15,000, that he is equitably entitled to a deduction, because his father promised to make up to him certain commissions for the sale of the Staten Island railroad, if his son would abandon his suit for the same. He does not say that his father promised to make it up to him in any particular manner. It does not appear whether it was to be made up to him by relieving the son from the amount which he (the father) had loaned to the firm of Mason, Peas & Moore and the firm of Peas & Moore, for which sum his son, as a member of the bankrupt firm, was responsible, or whether he was to make it up to him in some other unexplained manner. So I am of the opinion that the testator had the right to regard the $15,000 in money, which the exceptant admittedly received, as money advanced.

Now, the testator having the right to provide that such advances should be charged to the portion of exceptant, the question remains, did he defeat his intention to charge some of the advances by providing that the amount which he intended to charge should be evidenced by a paper made subsequently to the execution of his will?

In my judgment the paper which contained the charge is not to be regarded as testamentary in its character. The effect of the contents of the paper was restrictive. Suppose the testator had said, I charge all the debts owing to me, which I have not discharged or forgiven at the time of my death, and the receipt, release or paper evidencing such discharge will be found with my will. This would seem analogous to a provision containing a gift of certain property, unless it should be conveyed before the testator's death. The fact that he mentioned where such deed or conveyance could be found, if made, would be in no degree material. It being proved that more than $14,000 had been advanced to this legatee, the paper which expressly charged him with only $14,000 was impliedly a gift of the remainder of the advances.

I think that the decree of the orphans court should be affirmed.