In the Matter of NANCY SHARKEY, an Incompetent.

County Court, Oswego County, March 12, 1925.

**Incompetent persons — committee — proceeding for accounting of committee of deceased incompetent — committee permitted payment of pension from Federal government to cease without making effort to collect same — committee chargeable with amount unpaid by Federal government.**

A committee of an incompetent person is properly chargeable with the amount of pension money, the main asset of the incompetent person's estate, payment of which had ceased four years before the death of the incompetent, since the committee's failure to exercise reasonable diligence in the collection of the said pension after payment had ceased, or to inquire of the United States Pension Bureau why payment had ceased, was a breach of his duty as said committee.

PROCEEDING for an accounting of the committee, Ezra A. Barnes, in the above-entitled matter, the administrator of the deceased incompetent having filed objections to the account of the committee, on the ground that the said committee does not charge himself with pension money amounting to $546 and interest, which he should have collected from the United States government, from October 4, 1912, to July 30, 1916.

*Avery S. Wright*, for the administrator.

*John L. Mournigham*, for the committee.

*Roland Marvin*, for American Surety Company.

CULKIN, J.:

It appears from the record that Ezra A. Barnes, an attorney at law, was appointed committee for Nancy Sharkey on or about

the 25th day of November, 1904; that the main asset of said estate was a pension from the United States government, which was received by the incompetent, by reason of her husband's service in the Civil War, and that the incompetent died on July 30, 1916. The pension amounted to thirty-six dollars every three months. It appears that from the 25th day of November, 1904, down to and including the 30th day of September, 1912, said pension of thirty-six dollars was paid every three months, either to the committee of the incompetent, or the St. Lawrence State Hospital; that on or about the last-named date the pension ceased; that at said time said incompetent was in the St. Lawrence State Hospital, at Ogdensburg, N. Y., under commitment.

It further appears that said committee never made any effort to collect said pension; that he never wrote the Pension Department in regard to it and that he did not write the hospital authorities about it; that he simply let the matter drag along without any action on his part; that it must have been apparent to him that the hospital was not receiving the pension for the reason that they did not give him credit, as committee, for said pension on the bills rendered him for the care of the incompetent.

This court is loath to charge said account with this amount, for the reason that from common experience the government acts arbitrarily in such matters as these, and many times it is difficult to energize a governmental department. On the other hand, the government now refuses to pay said arrears of pension, taking the position that all claims thereto terminated at the death of the incompetent. So that this amount is irretrievably lost to the estate of the incompetent unless the committee is held liable.

There are no New York authorities bearing directly on this state of facts. It would seem to be an elementary proposition that the duty of the committee in this case was to exercise reasonable diligence and energy in the collection of this pension. He was in receipt of fees for the services rendered and his duties and responsibilities are analogous in the view of this court to those of an executor or administrator. (*Harrington* v. *Keteltas*, 92 N. Y. 40; *Matter of Hosford*, 27 App. Div. 427, 434; *Hollister* v. *Burritt*, 14 Hun, 291; *Matter of Wilbur*, 27 Misc. 126; *Matter of L. I. L. & T. Co.*, 92 App. Div. 5; 15 Am. & Eng. Ency. of Law [2d ed.], 92, citing *Boaz* v. *Milliken*, 83 Ky. 634; *Clodfelter* v. *Bost*, 70 N. C. 733.)

The committee having failed to exercise the proper degree of diligence in this matter, he is properly chargeable with the amount of this pension, to wit, $546 and interest.

An order may be entered accordingly.