EDWARD R. ALLEN, ADMR. *de bonis non, ex parte.*

1. ADMINISTRATOR—*allowance for defending suit.* An administrator is not entitled to be allowed, as against the estate he represents, for the costs and expenses of a suit brought against him individually before his appointment, but not decided until afterwards. The fact that the suit was for the recovery of money collected by the prior administrator and deposited with him as surety on the bond of such prior administrator, can make no difference. For burdens voluntarily assumed on behalf of the estate while under no duty to act or protect it, he can have no compensation.

2. If an administrator *de bonis non* seeks to be allowed compensation for services performed for the estate he represents, he should make proof of the services and their value since his appointment, so that they may be estimated separately from services performed by him before his appointment as a mere volunteer, for which he is entitled to no pay.

APPEAL from the Circuit Court of Kane county; the Hon. HIRAM H. CODY, Judge, presiding.

This is an appeal from an order of the court disallowing certain items in the account of the appellant, Allen, as administrator of the estate of Robert Groch, deceased.

It appears that Robert Groch, in his lifetime, gave a chattel mortgage on a large lot of brick to one Stenger, to secure the payment of a note of $6,500, dated October 12, 1869. Stenger also had a mortgage on the land of Groch and other property, and after the death of Groch, in July, 1871, he also purchased a mortgage on the brick-yard property, given by Groch to Volentine & Williams.

After the death of Robert Groch, his son, Otto Groch, was appointed administrator of his estate, the appellant, Allen, becoming surety on his bond. To secure Allen against loss on this account, by arrangement, the administrator deposited moneys, when collected, in the bank in the name of Allen, amounting in all to $1,756.40. Stenger claiming this money or some large portion of it, as belonging to him under the chattel mortgage, as being the proceeds of sales of the mortgaged property, brought suit against Allen, to recover the

same in his hands, while Otto Groch was yet the administrator of Robert Groch's estate. Afterwards, the administrator, in 1873, was killed, and the appellant was appointed administrator *de bonis non* of the estate of Robert Groch, deceased, and, on settlement of his account as such, claimed an allowance of the disputed items, which were disallowed, and thereupon, Allen took this appeal.

Mr. M. O. SOUTHWORTH, for the appellant.

Mr. B. F. PARKS, for the creditors of the estate of Robert Groch, deceased.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellant, Edward R. Allen, claims the court below erred in not allowing him credit for his account, amounting to $195.45, for costs and expenses in defending the suit of Michael Stenger, prosecuted against himself individually, and also in allowing him but $80 instead of $200 for his commissions and services as administrator *de bonis non.*

The suit of Stenger against Allen was not a suit against the estate of Robert Groch, but a suit against Edward R. Allen individually. At the time that suit was brought, Allen had no duty to discharge requiring him to defend for the estate. True, he was then surety on the bond of Otto Groch, the administrator of the estate, and the money Stenger sued for had been paid into his hands by Otto Groch; but this in no way concerned the estate. That payment was pursuant to a private arrangement between Allen and Otto Groch, for their own ends. By receiving and withholding the money, Allen subjected himself to the suit. It was a burden self-imposed, and whether it redounded to the benefit of the estate or not, is not a pertinent inquiry. The duty of protecting estates is cast by the law upon those whom the law designates as their proper representatives, and it can not be tolerated that other

parties shall involve them in the costs and expenses of litigation, under the pretext that the estate will thereby be benefited. Allen should have either paid the money over to Stenger or back to the administrator, before the suit was brought, and thereby have relieved himself from the burden of litigating in regard to it; not having done so, his burden was a voluntary one, for the bearing of which he is entitled to no compensation. Moreover, his defense, as the record disclosed when the cause was before us, was destitute of merit. *Allen* v. *Stenger*, 74 Ill. 119.

With regard to the other item, it does not appear that the allowance of $80 commissions, etc., is inadequate. Otto Groch, the administrator of Robert Groch, deceased, died in May, 1873, and Allen was then appointed administrator *de bonis non.* For services voluntarily rendered the estate before that time, he is entitled to no compensation. What he has since done does not distinctly appear; nor does it appear with certainty what remained to be done to close the settlement of the estate after Allen's appointment. His evidence makes no distinction between that which he did as a mere volunteer and for the protection of his private interests, and that which he has done as administrator *de bonis non.*

We do not care to inquire into the competency of Stenger as a witness, since, laying aside his evidence, the action of the court below presents no ground for reversal.

The judgment is affirmed.

*Judgment affirmed.*