*In re* ESTATE OF EMMA FREUND, Deceased.—(MARY ANN DRAPER, Ex'r of the Estate of Emma Freund, Respondent-Appellant, *v.* FRANZ, NAUGHTON & LEAHY, Petitioner-Appellee.)

Second District   No. 77-100

Opinion filed August 14, 1978.

John P. Biestek & Associates, of Arlington Heights, for appellant.

William M. Franz, Sandra S. Kerrick, and Timothy J. McKay, all of Franz, Naughton & Leahy, of Crystal Lake, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Mary Ann Draper, executor of the estate of Emma Freund, appeals from an order of the trial court awarding the law firm of Franz, Naughton and Leahy (petitioner herein) attorneys' fees in the amount of $2,677.63 from the estate.

Emma Freund died testate on April 2, 1973, 14 months after her husband, John Freund. Letters testamentary were issued to Mary Ann Draper (hereinafter referred to as the Executor), a daughter of Emma and John, on May 9, 1973. In addition, the Executor was also co-executor with her sister, Margaret Breier, of John Freund's estate. At the time of Emma's death John Freund's estate was still open.

During the course of the administration of Emma's estate disputes arose between Margaret Breier, one of Emma's 16 heirs, and the Executor over management and control of estate funds. Specifically, there was concern over the fact that it was not until September 10, 1975, more than two years after her appointment as executor, that the Executor filed any accounting for Emma's estate; that as of August 13, 1975, the United States estate tax return for Emma's estate was not yet filed, and at that point was already one year and seven months delinquent. James Reagan, Margaret Breier's then current attorney, undertook to prepare the tax return, with the consent of the Executor and her attorney. Reagan subsequently petitioned for and was paid his fees from Emma's estate for performing those services.

By the fall of 1975, neither Freund estate could close because there was

insufficient cash on hand to pay all the liabilities, delinquent estate taxes and the mortgage which had been placed on the farm Emma inherited from her husband. The Executor wanted to place a second mortgage on the farm. At this point Margaret Breier hired the petitioner law firm.

In its petition for attorneys' fees, the petitioner alleged that it had been retained by Margaret Breier to close both Freund estates at the earliest practicable moment; that there was insufficient cash funds available to close either estate; that the petitioner had worked with various real estate firms and succeeded in closing a sale of property to finance both estates, and had brought a forcible entry and detainer action on behalf of both estates and executors; that petitioner's work inured to the benefit of both estates and brought both estates to an orderly and prompt closing.

At the hearing on the petition for attorneys' fees, the attorney for the Executor argued that at no time had petitioner been employed by or requested to perform any work on behalf of the estate by the Executor, nor had the Executor received any assistance from petitioner. Any work performed by petitioner was done solely at the request of Margaret Breier.

■■ ■ At the conclusion of the arguments of counsel, the trial court commented that it had always regarded the two estates as being interrelated one to the other, both estates always appearing on the court's call together, and stated:

> "Now, this Court is well aware that the Franz firm brought the money into—brought the money into the estate by disposing of the property and that is true of both the John Freund and the Emma Freund estates and the Court thinks that the Franz firm should be paid accordingly."

The trial court then ordered petitioner to be paid its portion of the attorneys' fees to be awarded from the estate. "The duty of protecting estates is cast by the law upon those whom the law designates as their proper representatives, and it can not be tolerated that other parties shall involve them in the costs and expenses of litigation, under the pretext that the estate will thereby be benefited." (*Ex parte Allen* (1878), 89 Ill. 474, 475, 476.) Where legal services are not in the interest of the estate, counsel fees must be rejected. (*In re Estate of Lipchik* (1975), 27 Ill. App. 3d 331, 326 N.E.2d 464; *In re Estate of Breault* (1965), 63 Ill. App. 2d 246, 211 N.E.2d 424.) However, where the heirs' action against the executors and trustees of an estate enhance the value of the estate, the heirs are entitled to have their attorneys' fees paid from the estate; the sum saved being an important factor to be used in determining the amount of the award. (See *Levi v. Stern* (1944), 324 Ill. App. 82, 57 N.E.2d 228 (abstract).) The amount of the award is not an issue here and therefore we offer no opinion on it.

The Executor does not dispute the award of attorneys' fees to petitioner

4

in the John Freund estate since petitioner was hired by the co-executor of the John Freund estate (Margaret Breier). However, the Executor does dispute the trial court's right to award additional fees from the estate of Emma Freund to petitioner. The Executor argues that it has not been shown that petitioner performed any legal services to benefit Emma's estate; that petitioner has offered no proof that it actually performed the work or brought any money into the estate of Emma Freund; and that the affidavits filed by petitioner clearly designated services rendered in the estate of John Freund. However, in its petition for attorneys' fees, petitioner alleged that its work was on behalf of and inured to the benefit of both estates; copies of the affidavits of work performed and filed in the estate of John Freund by petitioner were attached to the petition and incorporated by reference.

It was the trial judge's specific finding here that petitioner had performed the services and that said services had benefited both estates, and apportioned the fees accordingly. The trial court here has presided at most of the proceedings involving this estate as well as the John Freund estate and was in a superior position for such a determination. There is no indication that petitioner received double compensation for the same services.

■■ The findings and judgment of a trial court will not be disturbed by the reviewing court if there is any evidence in the record to support such findings. (*In re Estate of Walker* (1975), 27 Ill. App. 3d 260, 327 N.E.2d 30.) We have examined the record in this case and are of the opinion that the findings of the trial court are supported by the evidence and the allowance of attorneys' fees from Emma Freund's estate to petitioner was proper.

The Executor argues that the trial court's finding that it always considered the two estates together was clearly erroneous and cannot be the basis for an award of attorneys' fees to petitioner.

■■ While the Executor characterizes the trial court's statement as a "finding," the record indicates that it was merely a prefatory comment by the trial court to its finding with regard to the services rendered by petitioner to the estate. Assuming, arguendo, that the trial court considered the two estates as one, it was clearly not the only basis for the award and there was sufficient evidence without it to sustain the trial court's decision.

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

GUILD and BOYLE, JJ., concur.