*In re* ESTATE OF HAZEL B. OSTER, Deceased (Donald Densberger *et al.*, Plaintiffs-Appellees, *v.* The First National Bank of Peoria, Ex'r of the Will of Hazel B. Oster, Defendant-Appellant).

Third District   No. 3—83—0362

■

Opinion filed March 30, 1984.

David B. Radley, of Baymiller, Christison & Radley, and John Radley, both of Peoria, for appellant.

John G. Sahn, of Leiter, Leiter and Sahn, Dennis R. Triggs, of Clem & Triggs, P.C., and David B. Mueller, of Cassidy & Mueller, all of Peoria, for appellees.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an appeal by the First National Bank of Peoria as executor of the estate of Hazel B. Oster and Shriners' Hospitals, residuary beneficiary of the estate, from orders of the circuit court of Peoria County entered in a will contest proceeding. The appellees are heirs of Hazel Oster, contestants to her will.

Hazel Oster died testate, leaving the bulk of her estate to Shriners' Hospitals and naming the bank as executor. The bank petitioned for admission of the will to probate, initially naming 14 heirs and duly notifying them of the probate proceeding. The will was admitted to probate as to this group of heirs. Subsequently, three additional groups of heirs were discovered and with respect to each group the petition was amended, the new heirs duly notified and the will admitted to probate as to such newly discovered group of heirs. In all 36 heirs were ultimately discovered and notified and the will probated as to them as well as unknown heirs. Four of the initial group of heirs commenced this will contest proceeding bringing the action in their own names as well as for the benefit of the class of heirs of the decedent. Other heirs filed their appearances in the will contest proceeding, and two groups of heirs moved for leave to intervene in the will contest. The executor moved to dismiss the will contest complaint as

well as the petitions for leave to intervene but the trial court denied such motions and entered orders both certifying the class of heirs described in the complaint and granting the petitions of other heirs to intervene in the proceeding.

On this appeal the executor has argued that class actions in will contest proceedings are improper and therefore the trial court's certification of the class was erroneous. Additionally, the executor argues leave should not have been granted for the intervenors to intervene in the will contest proceeding because such leave was requested after the time had expired for filing a will contest by the groups of heirs.

After the briefs were filed in this case, the appellee moved to dismiss the appeal contending the orders of the trial court were not appealable as a matter of right. In opposition to the dismissal motion appellant argues appeal is proper under Supreme Court Rule 304(b)(1). (87 Ill. 2d R. 304(b)(1).) We took the motion and objections with the case for decision. It is now our conclusion the appeal should be dismissed even though in the orderly administration of justice we regret the motion was not filed at an earlier stage of the appeal. The orders of the trial court from which appeal has been taken are first, the order certifying a class of heirs of the decedent as a class for the purpose of prosecuting the will contest and second, orders granting other heirs leave to intervene in the will contest proceeding.

Because the group certification order was entered in the course of a will contest proceeding, the appellant urges appeal is authorized by Supreme Court Rule 304(b)(1), which provides:

> "(b) Judgments and Orders Appealable Without Special Finding. The following judgments and orders are appealable without the finding required for appeals under paragraph (a) of this rule:
>
> (1) A judgment or order entered in the administration of an estate, guardianship, conservatorship, or similar proceeding which finally determines a right or status of a party." (87 Ill. 2d R. 304(b)(1).)

It is the appellant's position that class certification determines the "status" of the class members within the language of the rule thereby making such order appealable. We believe however the appellant overlooks an additional requirement of the Rule, which is that the order must "finally" determine the right or status of a party.

■■ As observed in *Levy v. Metropolitan Sanitary District* (1982), 92 Ill. 2d 80, 440 N.E.2d 881, neither certification nor noncertification of a class are final judgments within the ambit of Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)), so that the trial court's certifi-

cation of no just reason to delay appeal is ineffective to make orders regarding class certification appealable. *Petruchius v. Don Roth Restaurants, Inc.* (1979), 79 Ill. App. 3d 1071, 398 N.E.2d 1228, discusses at length certification or noncertification of classes with respect to appealability under Supreme Court Rule 304(a) and comes to the same conclusion. As observed in the *Levy* case, the appeal procedure from interlocutory orders described in Supreme Court Rule 308 (87 Ill. 2d R. 308) is the available route.

It is true Supreme Court Rule 304(b)(1) employs different language than 304(a), but its requirements of finality are similar and in our judgment the same reasons for not permitting appeals from certification orders under 304(a) are equally applicable when the same issue arises in a probate proceeding. Appellant's only option is to seek review under Supreme Court Rule 308 (87 Ill. 2d R. 308), which requires the discretionary concurrence of both the trial court and the court of review.

■ This brings us then to the appeal from the orders granting heirs leave to intervene. Again, we believe that such orders are not final orders and hence not appealable. The very cases cited by the appellant, *Koester v. Yellow Cab Co.* (1974), 18 Ill. App. 3d 56, 309 N.E.2d 269, *Veterans Travel Club v. Illinois Commerce Com.* (1973), 15 Ill. App. 3d 116, 303 N.E.2d 142, and *Monticello College v. Scott* (1973), 13 Ill. App. 3d 133, 299 N.E.2d 778, are authority only for the proposition that orders denying leave to intervene are appealable, but where intervention is granted no final determination has occurred.

For the foregoing reasons the appeal is dismissed.

Appeal dismissed.

HEIPLE and BARRY, JJ., concur.