CHARLES HOLLOWAY, JR., Plaintiff-Appellant, v. KROGER COMPANY, Defendant-Appellee.

Fourth District   No. 4—93—0452

Opinion filed December 9, 1993.

Michael J. Costello, of Costello Law Offices, of Springfield, for appellant.

Karen L. Kendall, of Heyl, Royster, Voelker & Allen, of Peoria, and Adrian E. Harless and Daniel R. Simmons, both of Heyl, Royster, Voelker & Allen, of Springfield, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

On April 22, 1993, the circuit court of Sangamon County denied as untimely plaintiff's motion to vacate the order of dismissal, which order had dismissed his complaint for failing to file a new action within one year of a dismissal for want of prosecution. (Ill. Rev. Stat. 1991, ch. 110, par. 13—217.) Plaintiff contends on appeal that (1) the circuit court abused its discretion by denying his motion to vacate and (2) he exercised reasonable diligence to obtain service upon defendant after the applicable statute of limitations. For the following reasons, we dismiss plaintiff's appeal.

On June 25, 1992, plaintiff filed in Sangamon County a complaint bearing case No. 92—L—307. In that complaint, plaintiff alleged that on or about May 13, 1983, he suffered severe personal injuries when struck by an electric swinging door located on the property of defendant, a retail grocery store. Plaintiff's complaint alleged defendant violated various duties of care owed to plaintiff. Plaintiff sought a judgment in excess of $15,000. This complaint also contained the following statement: "This cause was previously voluntarily dismissed pursuant to section 2—1009, chapter 110, Ill. Rev. Stat. 1992, and refiled within term."

Defendant filed a motion to dismiss on special and limited appearance pursuant to section 2—619 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, par. 2—619) on December 29, 1992. Defendant's motion contained the following allegations: (1) plaintiff first filed his complaint in Peoria County on May 13, 1985, and that complaint was assigned case No. 85—L—319; (2) the circuit court of Peoria County granted defendant's motion to dismiss for *forum non*

*conviens* on July 25, 1985; (3) plaintiff refiled his complaint in Sangamon County on September 18, 1985, and that complaint was assigned case No. 85—L—408; (4) the circuit court of Sangamon County dismissed case No. 85—L—408 for want of prosecution on December 5, 1990; (5) on or about April 4, 1991, plaintiff filed a document entitled "Amended Complaint" in Sangamon County bearing case No. 85—L—319; (6) on June 25, 1992, plaintiff filed another complaint in Sangamon County bearing case No. 92—L—307 (this complaint and the amended complaint filed April 3, 1991, were identical); and (7) defendant's registered agent was served with process in Sangamon County in case No. 92—L—307 on November 30, 1992.

Defendant alleged that under section 13—217 of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 13—217), plaintiff had one year from the dismissal for want of prosecution on December 5, 1990, to commence a new action against defendant. Defendant further alleged that although a purported amended complaint was filed on or about April 4, 1991, that complaint bore the original Peoria County case number, No. 85—L—319. Defendant argued this did not constitute the filing of a new action, and thus, the court was without jurisdiction. Defendant concluded the refiled complaint (filed July 25, 1992) was filed more than one year after the dismissal for want of prosecution, and therefore, plaintiff's complaint should be dismissed with prejudice.

As an alternate ground for dismissal, defendant alleged plaintiff failed to exercise reasonable diligence in obtaining service after the expiration of the applicable statute of limitations. Defendant contended the applicable statute of limitations expired on May 13, 1985, and it was not served until more than seven years after that date. Defendant alleged its registered agent, C.T. Corporation, is one of the largest registered agents for corporations in the State of Illinois and its address was readily available from the Secretary of State.

The docket sheet for case No. 92—L—307 contains the following entry for February 10, 1993:

> "Cause called for hearing on motion to dismiss and special and limited appearance. Court reviews 85—L—408. Cause was dismissed and stricken 12/5/90. This cause dismissed with prejudice and stricken for want of prosecution. Judgment dismissed. Cause stricken."

A hearing was held on April 5, 1993, regarding plaintiff's petition, pursuant to section 2—1401 of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401), to vacate the order of dismissal. A copy of this petition was hand-delivered to the court on this date and subsequently filed on April 8, 1993. This petition alleged the document filed on April 3,

1991, was inadvertently captioned "Amended Complaint" and should be considered as a new action timely filed within one year of the December 5, 1990, dismissal for want of prosecution. The docket entry for April 5, 1993, indicates the petition to vacate the dismissal was argued and denied.

Plaintiff filed a second petition to vacate the order of dismissal pursuant to section 2—1401 of the Code on April 19, 1993. This petition restated the allegations in the first section 2—1401 petition although in greater detail. It specifically mentioned various case numbers, the dates upon which the complaints and amended complaint were filed and concluded the amended complaint was erroneously captioned but should be considered as filed within one year of the dismissal for want of prosecution. On April 22, 1993, the circuit court of Sangamon County ordered "The motion to vacate is denied as untimely filed." Plaintiff filed his notice of appeal on May 21, 1993.

On appeal, plaintiff raises two issues. First, he alleges the "Amended Complaint," although erroneously captioned and numbered, filed on April 3, 1991, was timely filed within one year of the December 5, 1990, dismissal for want of prosecution. Second, assuming this court agrees with plaintiff's contention, he further argues that he exercised reasonable diligence in obtaining service on defendant after the expiration of the applicable statute of limitations.

We have a duty to consider our jurisdiction and to dismiss an appeal if jurisdiction is wanting. (*Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 440, 490 N.E.2d 1252, 1253.) We find we do not have jurisdiction and thus dismiss this appeal.

Plaintiff's first section 2—1401 petition was denied on April 8, 1993. Thereafter, he filed a second 2—1401 petition containing the same allegations as the first, although in greater detail. This petition was denied on April 22, 1993, and plaintiff filed a notice of appeal on May 21, 1993.

Generally, the filing of a second section 2—1401 petition does not toll the 30 days provided for filing an appeal from denial of the first section 2—1401 petition. (*Sears v. Sears* (1981), 85 Ill. 2d 253, 259-60, 422 N.E.2d 610, 613; *In re Marriage of Ohlson* (1984), 126 Ill. App. 3d 374, 381, 466 N.E.2d 1280, 1285.) Successive post-judgment motions do not extend the time within which to appeal. Moreover, a second post-judgment motion which is filed beyond 30 days after entry of the final order, and which attacks the same judgment, neither extends the time for filing the appeal nor continues the jurisdiction of the court. (*Bell Federal Savings & Loan Association v. Bank of Ravenswood* (1990), 203 Ill. App. 3d 219, 224, 560 N.E.2d 1156, 1159.)

948

Once a trial court rules on the merits of pending post-judgment motions, the entry of the ruling signals the "entry of the order disposing of the last pending post-trial motion" (134 Ill. 2d R. 303(a)(1)) and the 30-day period for filing the notice of appeal commences to run. (*Bell Federal*, 203 Ill. App. 3d at 224, 560 N.E.2d at 1160.) A party may not avoid or extend the time for appeal of a final order by filing successive and repetitious motions pursuant to section 2—1401 of the Code. *Village of Island Lake v. Parkway Bank & Trust Co.* (1991), 212 Ill. App. 3d 115, 123, 569 N.E.2d 1362, 1367.

Therefore, the filing of plaintiff's second section 2—1401 petition did not toll the time for filing a notice of appeal. Plaintiff had 30 days from the entry of the order denying his first section 2—1401 petition to file his notice of appeal. A judgment or order granting or denying any of the relief prayed in a petition under section 2—1401 is final and appealable. (134 Ill. 2d R. 304(b)(3).) The filing of the second 2—1401 petition did not extend that time. The trial court denied plaintiff's first section 2—1401 petition on April 5, 1993. Thus, plaintiff's notice of appeal, filed on May 21, 1993, was untimely. This court is without jurisdiction and the appeal is dismissed.

Dismissed.

GREEN and STEIGMANN, JJ., concur.