*In re* ESTATE OF BRADLEY C. STEPP (J.B. Hunt Transport, Inc., *et al.*, Petitioners-Appellants, v. Doris Stepp, Adm'r of the Estate of Bradley C. Stepp, Deceased, Respondent-Appellee).

Third District   No. 3—94—0481

Opinion filed April 4, 1995.

Stephen S. Swofford and Christine L. Olson, both of Hinshaw & Culbertson, of Chicago (David H. Levitt, of counsel), for appellants.

Law Office of Thomas E. Orr, of Joliet (Thomas E. Orr, of counsel), for appellee.

Denise Grabavoy, of Stefanich, McGarry, Wols & Okrei, of Joliet, guardian *ad litem*.

JUSTICE LYTTON delivered the opinion of the court:

The petitioners, J.B. Hunt Transport, Inc., and Kenneth Wehner, appeal the trial court's rejection of alternative settlement agreements involving a minor whose interests were represented by a guardian *ad litem* (GAL). We dismiss this appeal for lack of appellate jurisdiction.

Bradley Stepp was killed in an accident involving a truck owned by J.B. Hunt Transport, Inc. (J.B. Hunt), and driven by Kenneth Wehner. Bradley was survived by his parents and a minor sister, Rachel; his mother, Doris, was named the administrator of his estate. When the estate pursued a wrongful death action against J.B. Hunt and Wehner, a GAL was appointed to represent Rachel's interests.

Prior to trial, the parties reached an initial settlement agreement that provided for structured payments to Rachel until age 42, as well as funds for her college education. Because Rachel was a minor, the trial court was required by the Probate Act of 1975 to approve the settlement. (755 ILCS 5/19—8 (West 1992); *Burton v. Estrada* (1986), 149 Ill. App. 3d 965, 976, 501 N.E.2d 254, 262.) Even though the GAL stated that the settlement was fair to Rachel's interests, the trial court refused to approve it because the stream of payments was too long and no money was provided for college. The trial court also expressed concern that after reaching the age of majority, Rachel might sue the GAL and the court for acceleration of the payments.

Subsequently, the petitioners and the GAL agreed on another structured settlement with the same present value as the original but with payments terminating when Rachel reached age 23. Rachel's parents refused to accept this settlement because the absolute dollars paid were less than in the first settlement, even though the present value was the same.

The petitioners and the GAL then filed a joint petition for court approval of the second settlement or, in the alternative, the first settlement. The trial court denied the petition because Rachel's parents objected to the second settlement and the court found no reason to change its decision on the first settlement. The petitioners appeal pursuant to Illinois Supreme Court Rule 304(b)(1). (134 Ill. 2d R. 304(b)(1).) At oral argument, we requested that the parties submit supplemental briefs on the issue of jurisdiction.

Illinois Supreme Court Rule 304(b)(1) provides that "[a] judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party" is "appealable without the finding required for appeals under paragraph (a) of this rule." (134 Ill. 2d R. 301(b)(1).) Nonetheless, we cannot address the merits of this cause unless this court has jurisdiction. (*Kinkin v. Marchesi* (1991), 213 Ill. App. 3d 176, 178, 571 N.E.2d 501, 502.) If we lack jurisdiction, we must dismiss the appeal. *Holloway v. Kroger Co.* (1993), 253 Ill. App. 3d 944, 947, 625 N.E.2d 894, 896.

The petitioners argue that the trial court's rejection of the joint

settlement petition is a final and appealable order because it required no further action by the trial court or the parties. The petitioners rely on probate cases finding that denials of attorney fees, motions to remove an attorney, and motions to restore a petitioner to his estate are final and appealable under Rule 304(b)(1). *In re Estate of Kime* (1981), 95 Ill. App. 3d 262, 268, 419 N.E.2d 1246, 1250; *In re Estate of Thompson* (1989), 186 Ill. App. 3d 874, 877-78, 542 N.E.2d 949, 951-52 (implying in *dicta* that denial of a restoration motion is final and appealable under Rule 304(b)(1)).

Rule 304(b)(1) is designed to prevent multiple suits and piecemeal appeals, while encouraging efficiency and granting certainty as to specific issues during the often lengthy process of estate administration. (See *In re Estate of Devey* (1993), 239 Ill. App. 3d 630, 632-33, 607 N.E.2d 685, 686-87.) Under Rule 304(b)(1), decisions ordinarily appealable only at the end of a lawsuit can be appealed during an estate proceeding without seeking permission of the trial court under Rule 304(a). Without this exception, an appeal would have to be brought after an estate has been closed, which would require reopening the estate and marshalling assets that have already been distributed. This result would be both impractical and inefficient.

The Committee Comments to Rule 304(b)(1) offer the following examples of final appealable orders: admission or denial of a will to probate, appointment or removal of an executor, and allowance or disallowance of a claim. (134 Ill. 2d R. 304(b), Committee Comments, at 245-46.) These examples, and those in the cases cited by the petitioners, involve either conclusive, significant procedural aspects of the probate proceeding itself or final orders affecting specific parties in an underlying action.

■ Here, the trial court's rejection of a proposed settlement agreement, not approved by all of the parties, affects only prelitigation negotiations. The parties' ability to pursue additional settlement negotiations was not impaired by the court's order, and the merits of the underlying claim were not finally determined. In addition, the trial court stated its intention to maintain jurisdiction over the minor involved in the settlement.

Like orders denying motions for summary judgment or motions to dismiss, the trial court's order does not conclusively determine the parties' rights or interfere with the continuation of the proceedings. Orders denying motions for summary judgment have been held to be interlocutory and not immediately appealable under Rule 304(a) because they lack the requisite finality. (*Board of Library Directors v. Skidmore, Owings & Merrill* (1991), 215 Ill. App. 3d 69, 73, 574 N.E.2d 869, 871; *Kinkin*, 213 Ill. App. 3d at 178-79, 571 N.E.2d at 502-03.)

The finality requirements of Rules 304(a) and 304(b)(1) are identical. (*In re Estate of Oster* (1984), 122 Ill. App. 3d 799, 802, 461 N.E.2d 1073, 1075; see *Devey*, 239 Ill. App. 3d at 633, 607 N.E.2d at 687.) Thus, in *In re Petition of Filippelli* (1990), 207 Ill. App. 3d 813, 817-18, 566 N.E.2d 412, 415, the court refused to hear an appeal from the denial of a birth mother's motion to dismiss an adoption petition because it lacked finality under Rule 304(b)(1).

Because the trial court's order in the instant case fails to satisfy the finality requirement of Rule 304(b)(1), we lack jurisdiction over this appeal. Without jurisdiction, we cannot address the petitioners' substantive contentions in this case.

■ Nonetheless, the petitioners claim that without the availability of appeal under Rule 304(b)(1) they would have no recourse from the trial court's failure to approve the settlement petition. We disagree. A party might properly seek an interlocutory appeal under Rule 308 (134 Ill. 2d R. 308). Although an appeal under Rule 308 is discretionary in the trial and appellate courts, it does provide an avenue of review. Furthermore, a party can alter a lower court's discretionary actions by obtaining a supervisory order from the supreme court under Rule 383 (134 Ill. 2d R. 383).

Because this court lacks jurisdiction under Rule 304(b)(1), the petitioners' appeal is dismissed.

Appeal dismissed.

STOUDER, P.J., and SLATER, J., concur.