IN the MATTER OF the ESTATE OF Paul BUDNEY,
Deceased:

State of Wisconsin, DEPARTMENT OF HEALTH AND SOCIAL
SERVICES, Appellant,†

v.

ESTATE OF Paul BUDNEY, Respondent.

Court of Appeals

*No. 95–0982–FT. Submitted on briefs July 5, 1995.—Decided
October 31, 1995.*

(Also reported in 541 N.W.2d 245.)

†Petition to review denied.

For the appellant the cause was submitted on the briefs of *James E. Doyle*, attorney general by *Donald P. Johns*, assistant attorney general.

For the respondent the cause was submitted on the briefs of *Angela E. Canellos* of Wauwatosa.

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

WEDEMEYER, P.J.   The Department of Health and Social Services appeals from the trial court's judgment.[1] The trial court ruled that the department could not recover from Paul Budney's estate medical assistance benefits paid on behalf of Grace Budney, his predeceased wife, because federal law does not authorize the recovery of benefits. The issue is whether § 49.496(3)(a), STATS., which allows the department to recover medical assistance benefits paid on behalf of a person from the estate of that person's surviving spouse, violates federal law. We conclude that it does. Accordingly, we affirm the trial court's summary judgment in favor of the estate.

Grace Budney was a resident of a nursing home and a recipient of medical assistance. She died after residing in the home for over a year. A year after her death, her husband Paul Budney died. After Paul Budney's death, the department filed a claim against his estate for $54,042 pursuant to § 49.496(3)(a), STATS., seeking to recover medical assistance benefits

---

[1] This is an expedited appeal under RULE 809.17, STATS.

paid on behalf of Grace Budney. The estate objected to the claim on the ground that federal law prohibits the recovery of medical assistance benefits paid on behalf of a predeceased spouse. The trial court concluded that the Wisconsin statute violated 42 U.S.C. § 1396p(b) (1995) and granted summary judgment in favor of the estate. The department appeals.

The State of Wisconsin has enacted legislation which allows the Department of Health and Social Services to file a claim against the estate of a recipient or against the estate of the surviving spouse of a recipient for the amount of medical assistance paid on behalf of the recipient while the recipient resided in a nursing home. Section 49.496(3)(a), STATS.[2] Federal law mandates that state plans for medical assistance comply with the provisions of 42 U.S.C. § 1396p with respect to recovering medical assistance correctly paid. *See* 42 U.S.C. § 1396(a)(18). 42 U.S.C. § 1396p(b) provides:

> (1) No adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan may be made, except that the State shall seek adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan in the case of the following individuals:
>
> . . . .

---

[2] Section 49.496(3), STATS., provides:

RECOVERY FROM ESTATES. (a) Except as provided in par. (b), the department shall file a claim against the estate of a recipient or against the estate of the surviving spouse of a recipient for all of the following unless already recovered by the department under this section:

1. The amount of medical assistance paid on behalf of the recipient while the recipient resided in a nursing home or while the recipient was an inpatient in a medical institution and was required to contribute to the cost of care.

>(B)   In the case of an individual who was 55 years of age or older when the individual received such medical assistance, the State shall seek adjustment or recovery from the individual's estate . . . .
>
>(2)   Any adjustment or recovery under paragraph (1) may be made only after the death of the individual's surviving spouse, if any . . . .

In the first section, the statute plainly prohibits a State from recovering medical assistance benefits except in certain situations. The statute provides that "[no] adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan may be made . . . except in the case of the following individuals . . . ." After this initial prohibition, the statute does not specifically authorize a State to recover medical assistance benefits from a recipient's surviving spouse's estate. Because the statute does not counter the initial blanket prohibition by specifically authorizing a State to recover medical assistance benefits paid on behalf of a recipient from a surviving spouse's estate, we conclude that § 49.496(3)(a), STATS., which allows such recovery, exceeds the authority provided by the federal statute. *Accord Estate of Craig*, 624 N.E.2d 1003 (N.Y. 1993) (Federal law does not expressly provide for recovery of Medicaid payments on behalf of a predeceased spouse from the secondarily dying spouse's estate). The trial court properly rejected the department's claim to recover from Paul Budney's estate medical assistance paid on behalf of Grace Budney.

*By the Court.*—Judgment affirmed.