*In re* ESTATE OF MARY ELIZABETH RIORDAN, Deceased (Patrick M. Riordan, Claimant-Appellant, v. Estate of Riordan, Respondent-Appellee).

Third District    Nos. 3—03—0805, 3—03—0980 cons.

Opinion filed July 23, 2004.—Rehearing denied September 10, 2004.

Emmanuel F. Guyon (argued), of Streator, for appellant.

Bernard L. Engels (argued), of Whitmore & Engels, of Mendota, for appellee Estate of Elizabeth M. Riordan.

Michael Gulo (argued), of M.G. Gulo & Associates, Ltd., of Streator, for appellees Daniel Riordan and James A. Riordan.

JUSTICE SLATER delivered the opinion of the court:

Father Patrick Riordan (claimant) filed a statutory custodial claim against his mother's estate pursuant to section 18—1.1 of the Probate Act of 1975 (Act) (755 ILCS 5/18—1.1 (West 2002)). The trial court dismissed the claim on the basis that the claimant had not met the three-year requirement of the Act. The court also partially granted a petition for attorney fees filed by the objecting heirs. Appeals from those orders were consolidated in this court on claimant's motion. We affirm the dismissal of the statutory custodial claim and vacate the award of attorney fees.

## Facts

Claimant, a Catholic priest, is the son of the decedent, Mary Elizabeth Riordan,[1] who died on November 26, 2001, at the age of 99. On June 16, 1999, claimant took a leave of absence so that he could care for his mother. Prior to that time, claimant would visit Elizabeth two or more days per week at her home in Streator, Illinois, where he rendered nursing and personal care services. Claimant also often spent his vacation time at his mother's home. Claimant's sisters, Judy Arbise and Dolores Lonergan, also helped care for Elizabeth. However, after Dolores's death in 1998, and with Judy's increasing health problems limiting her ability to help, more of the responsibility fell upon claimant. After he was granted a leave of absence, claimant lived with his mother full time and remained with her until her death.

Following Elizabeth's death, claimant filed a statutory custodial claim (755 ILCS 5/18—1.1 (West 2002)) against his mother's estate alleging that he suspended his vocation as a priest to care for his mother. As a result, according to claimant, he lost employment opportunities, experienced a significant change in lifestyle and endured emotional distress. Two of Elizabeth's heirs, Daniel and James Riordan, filed a motion to dismiss the claim on the basis that claimant had not cared for Elizabeth for the three-year period required by the Act. The trial court granted the dismissal motion on that basis.

---

[1]The initial pleadings in this case refer to the decedent as Mary Elizabeth Riordan. Several subsequent pleadings and the statement of facts in claimant's brief refers to decedent as Elizabeth M. Riordan. The decedent's will is signed Elizabeth Riordan. We will refer to the decedent as Elizabeth.

Appeal No. 3—03—0805

Standard of review

Construction of a statute is a matter of law, which we review *de novo*. See *Unzicker v. Kraft Food Ingredients Corp.*, 203 Ill. 2d 64, 783 N.E.2d 1024 (2002).

Analysis

■ Section 18—1.1 of the Act provides:

"§ 18—1.1. Statutory custodial claim. Any spouse, parent, brother, sister, or child of a disabled person *who dedicates himself or herself to the care of the disabled person by living with and personally caring for the disabled person for at least 3 years* shall be entitled to a claim against the estate upon the death of the disabled person. The claim shall take into consideration the claimant's lost employment opportunities, lost lifestyle opportunities, and emotional distress experienced as a result of personally caring for the disabled person. The claim shall be in addition to any other claim, including without limitation a reasonable claim for nursing and other care. The claim shall be based upon the nature and extent of the person's disability and, at a minimum but subject to the extent of the assets available, shall be in the amounts set forth below:

1. 100% disability, $100,000
2. 75% disability, $75,000
3. 50% disability, $50,000
4. 25% disability, $25,000[.]" (Emphasis added.) 755 ILCS 5/18—1.1 (West 2002).

■ Claimant acknowledges that he did not begin caring for his mother full time until June 16, 1999. Upon her death in November of 2001, approximately 2¹/₂ years had elapsed. Claimant argues, however, that he should be given credit for the two or three days of visitation per week prior to 1999, as well as the vacation time he spent at Elizabeth's home. We disagree.

The statutory award is available to one who "dedicates" himself to the care of the disabled person. That dedication is shown by "living with and personally caring for the disabled person for at least 3 years." 755 ILCS 5/18—1.1 (West 2002). In the absence of a statutory definition, undefined words must be given their ordinary and popularly understood meaning. *In re D.F.*, 201 Ill. 2d 476, 777 N.E.2d 930 (2002). We believe that "living with" a disabled person entails more than visiting them when one has time, even when that visitation is regular and extensive. Many adult children visit their parents on a regular basis, but in our opinion section 18—1.1 clearly requires some sort of shared living arrangement. Indeed, this court has held that sisters liv-

ing across the hall from each other did not satisfy the statutory requirement of "living with" one another. See *In re Estate of Hoehn*, 234 Ill. App. 3d 627, 600 N.E.2d 899 (1992).

Claimant asserts that the statute does not require that the three-year period must be continuous. We do not hold that it does. It is certainly conceivable that the period of caregiving may be interrupted for some reason. Nevertheless, to meet the statutory three-year requirement, those periods of caregiving must occur while the claimant is "living with" the disabled person. Periodic visits, even if they include staying overnight, do not rise to that level.

Claimant further maintains that we should interpret the statute liberally and deem that he has "constructively complied" with the three-year requirement. Claimant suggests that because he *intended* to continue caring for Elizabeth, whose death before the end of the three-year period was beyond his control, we should hold that the statutory requirement is fulfilled as long as the facts establish a good faith intention to comply. However, no rule of statutory construction authorizes a court to declare that the legislature did not mean what the plain language states. *Hoehn*, 234 Ill. App. 3d 627, 600 N.E.2d 899. A court is bound to declare and enforce the law as enacted; it is not to annex new provisions or substitute different ones, or read into a statute exceptions, limitations or conditions that depart from its plain meaning. *People ex rel. Department of Professional Regulation v. Manos*, 202 Ill. 2d 563, 782 N.E.2d 237 (2002). Section 18—1.1 clearly and unambiguously requires a claimant to live with and personally care for a disabled person for at least three years, and we are not free to modify that provision. Accordingly, we affirm the trial court's order dismissing the statutory custodial claim.

## Appeal No. 3—09—0980

The issue in this appeal concerns an award of $1,335 in attorney fees to Michael Gulo, the lawyer who represented the objecting heirs, Daniel and James Riordan. After claimant was appointed executor of his mother's estate, he filed the statutory custodial claim on January 17, 2002. On January 24 the attorney for the estate, Emmanuel Guyon, sent a letter to the heirs informing them of the claim and of the conflict of interest it created. Guyon indicated that if the heirs would not consent to the claim, a special administrator would have to be appointed to litigate the issue. On May 8 Gulo filed a motion to remove claimant as executor and to disqualify Guyon as attorney for the estate due to the conflict of interest created by the statutory claim. On May 24 Guyon filed a motion to dismiss Gulo's motion and a petition to appoint a special administrator to defend the estate against the

custodial claim. On May 29 the trial court denied the motion to remove claimant as executor and disqualify Guyon in general, but allowed it with respect to the statutory custodial claim. The court also granted the motion to appoint a special administrator.

Thereafter, litigation of claimant's statutory claim proceeded until it was eventually dismissed by the trial court. On November 3, 2003, Gulo filed a petition for attorney fees in the amount of $5,490. The trial court ruled that Gulo's efforts benefitted the estate, but only until the special administrator was appointed. The court therefore ordered the estate to pay $1,335 of Gulo's fees.

On appeal, claimant contends that attorney fees should not have been awarded because no benefit was conferred on the estate. We agree.

Where heirs bring an action against an executor that enhances the value of an estate, they are entitled to have their attorney fees paid from the estate. *In re Estate of Freund*, 63 Ill. App. 3d 1, 379 N.E.2d 935 (1978). Where the legal services are not in the interest of the estate, however, such fees must be rejected. *Freund*, 63 Ill. App. 3d 1, 379 N.E.2d 935; see also *In re Estate of Debevec*, 195 Ill. App. 3d 891, 552 N.E.2d 1043 (1990); *In re Estate of Minsky*, 59 Ill. App. 3d 974, 376 N.E.2d 647 (1978).

■ In this case the attorney for the estate recognized the conflict of interest generated by the statutory custodial claim and he informed the heirs that a special administrator might need to be appointed. After it was determined that some of the heirs would not consent to the custodial claim, Guyon filed a motion to appoint a special administrator. This action was designed to protect the estate and the heirs and to negate any conflict of interest. While the objecting heirs may have been prudent in hiring their own counsel to protect their interests, we discern no benefit accruing to the estate from that decision. As this court noted in an analogous situation:

> "If an outside attorney prepared work product that the estate guardian would otherwise necessarily have performed, and so saved the estate guardian attorney expense, that attorney could timely request some compensation from the estate guardian, but we conclude that it would be for the estate guardian, in its discretion, to recommend compensation based on the savings it concluded the work accrued to the estate. If the estate guardian and executor opposed any such compensation, we conclude that the attorney's client must bear those expenses." *In re Estate of Goffinet*, 318 Ill. App. 3d 152, 159, 742 N.E.2d 874, 879 (2001).

Because no benefit was conferred on the estate, we find that the trial court erred in awarding $1,335 in attorney fees to Gulo from the estate. We therefore vacate that order.

For the reasons stated above, the judgment of the circuit court in appeal No. 3—03—0805 is affirmed. The judgment in appeal No. 3—03—0980 is vacated.

No. 3—03—0805, Affirmed.

No. 3—03—0980, Vacated.

HOLDRIDGE, P.J., and SCHMIDT, J., concur.