No. 3-04-0162

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2005

BETTY J. HINES, as Executor of   ) Appeal from the Circuit Court

the Estate of Beverly Tutinas,      ) for the 14
th
 Judicial Circuit,

   ) Rock Island County, Illinois

Petitioner-Appellant,     ) 

   ) 

   ) No. 01-P-243

   )

THE DEPARTMENT OF PUBLIC   )

AID, Barry S. Maram, Director,               ) 

   ) The Honorable Joseph F. Beatty,

Respondent-Appellee.                           )        Judge Presiding 

______________________________________________________________________________

JUSTICE McDADE delivered the opinion of the court:

______________________________________________________________________________

Petitioner, Betty J. Hines, appeals the trial court’s order finding that the Illinois Department of Public Aid may recover the value of Medicaid payments from the estate of Beverly Tutinas as a surviving spouse of a Medicaid recipient.  For the reasons that follow, we reverse.

BACKGROUND

The pertinent facts are not in dispute.  Beverly Tutinas, deceased, was married to Julius Tutinas, also deceased.  Beverly and Julius held joint title to a home in Moline, Illinois, and to an automobile.  In July 1994, respondent, the Illinois Department of Public Aid (Department), approved Julius for medical assistance (Medicaid).  He began receiving assistance in August 1994.  He was 66 years old at that time and he continued to receive assistance until his death in July 1997.  No probate estate was created upon Julius’s death.  Beverly died in May 2001.  Petitioner, Betty J. Hines, is the independent administrator of Beverly’s estate, which consisted only of the home, which sold for $69,641.89, and the automobile, which sold for $2,000.  

In July 2001, the Department filed a claim against Beverly’s estate for $61,154.48, representing the total amount of medical assistance it had provided to Julius.  (Beverly never received assistance from the Department.)  In July 2003, petitioner filed a petition for instructions regarding the claim pursuant to section 28-5 of the Probate Act of 1975 (Probate Act) (755 ILCS 5/28-5 (West 2002)).  The petition stated the dispute over the claim was based on whether Medicaid permits the Department to enforce its claim for reimbursement against the estate of the surviving spouse of a Medicaid recipient.  Following briefing and argument, the circuit court determined that the issues where as follows:

"A. Whether 305 ILCS 5/5-13 and 89 Ill. Adm. Code 102.200 are in conflict with and preempted by 42 U.S.C. 1396p(b) in that, unlike the State statute and the administrative code provisions, the Federal estate recovery statute does not permit recovery against the estate of the second to die spouse of the Medicaid recipient.

B. Whether the amendment of 305 ILCS 5/5-13 on January 1, 1997, to limit ‘estate recovery’ to the assets which are part of the Illinois Probate estate of the Medicaid recipient bars the State of Illinois’ claim for estate recovery in this estate."

The circuit court held the Illinois statute and the Illinois Administrative Code provision did not conflict with 42 U.S.C. 1396p(b) because federal law permits states to include within the "estate" of a deceased Medicaid recipient: 

"any other real and personal property and other assets in which the individual had any legal title or interest at the time of death, (to the extent of such interest), including assets conveyed to a survivor, heir or assign of the deceased individual through joint tenancy, tenancy in common, survivorship, life estate, living trust, or other arrangement.  (42 U.S.C. § 1396p(b)(4)(B).)"

The court found that Illinois had exercised this option and included this definition in section 5-13 of the Illinois Public Aid Code (305 ILCS 5/5-13 (West 2002)), and, further, that "Congress intended that definition to be all inclusive as possible by its inclusion of the phrase ‘or other arrangement.’"  See 
Bonta v. Burke
, 98 Cal. App. 4th 788, 793,120 Cal. Rptr. 2d 72, 76 (2002).

The circuit court also found that an amendment to section 5-13, "to limit ‘estate recovery’ to the assets which are a part of the Illinois Probate Estate of the Medicaid recipient," did not bar the Department’s claim for estate recovery in this case because the definition of "estate" under both the federal and state law includes real property 

"‘in which the individual had any legal title or interest at the time of death (to the extent of such interest), including such assets conveyed to a survivor, heir, or assign of the deceased individual through joint tenancy, tenancy in common, survivorship, life estate, living trust, or other arrangement’ (72 U.S.C. §1396p(b)(4); 305 ILCS 5/5-13.)’"

This appeal followed.

ANALYSIS

The circuit court based its decision on the legislature’s inclusion of the broad definition of "estate" in section 5-13, concluding this definition authorized the Department to seek Julius’s share of the assets that had passed through joint tenancy.  Petitioner argues that, although the legislature did include this broad definition of "estate" in section 5-13, it restricted its application to the situation where the Medicaid recipient owned one of certain limited and specifically described long-term-care insurance policies at the time of death.  In all other situations, petitioner argues, the recipient’s “estate” for purposes of section 5-13 is as defined in the Probate Act.  Petitioner notes that under the federal law, states 
may
 utilize the broad definition of the Medicaid recipient’s “estate” in other situations, but they are only required to apply that definition when the recipient benefitted from the described long-term-care insurance coverage.  

This case involves construction of certain statutory provisions.  Construction of a statute is a matter of law, which is reviewed 
de novo
.  
In re Estate of Riordan
, 351 Ill. App. 3d 594, 596, 814 N.E.2d 597, 599 (2004).

A. Appellate Court Jurisdiction

First, an issue exists as to the parties’ statements of jurisdiction in this court.  Petitioner asserts this court has jurisdiction pursuant to section 3-112 of the Administrative Review Law (735 ILCS 5/3-112 (West 2002)), which states that "[a] final decision, order, or judgment of the Circuit Court, entered in an action to review a decision of an administrative agency, is reviewable by appeal as in other civil cases."  A "decision" by an administrative agency, for purposes of the Administrative Review Law, is one "which affects the legal rights, duties or privileges of parties and which terminates *** proceedings before the administrative agency."  735 ILCS 5/3-101 (West 2002).  Petitioner was not a party before the Department.  The Department did not render a decision in this case, nor was any alleged decision by the Department the subject of the circuit court’s order.  Section 3-112 does not confer jurisdiction in this court. 

The Department, on the other hand, claims this court has jurisdiction pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301), which permits appeals from final judgments of the circuit court.  However, the court did not render a final judgment on the Department’s claim; the court merely ruled the claim was not barred.  

Nonetheless, this court does have jurisdiction to hear the appeal.  Jurisdiction properly lies pursuant to Supreme Court Rule 304(b)(1) (155 Ill. 2d R. 304(b)(1)), which permits appeals from final judgments that do not dispose of an entire proceeding when "[a] judgment or order [is] entered in the administration of an estate *** which finally determines a right or status of a party."  "The Committee Comments to Rule 304(b)(1) offer the following examples of final appealable orders:  admission or denial of a will to probate, appointment or removal of an executor, and 
allowance or disallowance of a claim
. (134 Ill. 2d R. 304(b), Committee Comments at 245-46.)"  (Emphasis added.)  
In re Estate of Stepp
, 271 Ill. App. 3d 817, 819, 648 N.E.2d 1120, 1122 (1995).  Here, the circuit court’s order allows the Department’s claim against the estate.  Therefore, this court has jurisdiction to hear the appeal from that order.

B. The Department Cannot Sustain a Claim Against the Estate of Julius

Section 5-13 reads, in pertinent part, as follows:

“Claim against estate of recipients. To the extent permitted under the federal Social Security Act [(42 U.S.C. § 301 et seq. (2000))], the amount expended under this Article (1) for a person of any age who is an inpatient in a nursing facility *** shall be a claim against the person's estate or a claim against the estate of the person's spouse, regardless of the order of death, but no recovery may be had thereon until after the death of the surviving spouse, if any ***.  ***  The term ‘estate’, as used in this Section, with respect to a deceased person, means all real and personal property and other assets included within the person's estate, as that term is used in the Probate Act of 1975 [755 ILCS 5/1-1 et seq. (West 2002)]; 
however
, in the case of a deceased person who has received (or is entitled to receive) benefits under a long-term care insurance policy ***, 
‘estate’ also includes any other real and personal property and other assets in which the deceased person had any legal title or interest at the time of his or her death (to the extent of that interest), including assets conveyed to a survivor, heir, or assignee of the deceased person through joint tenancy, tenancy in common, survivorship, life estate, living trust, or other arrangement.
”  (Emphases added.)  305 ILCS 5/5-13 (West 2002).

A plain reading of section 5-13 demonstrates that the legislature has defined “estate” for purposes of that section in two ways for two separate situations.  In the first situation, which is applicable, generally “estate” for purposes of section 5-13 “means all real and personal property and other assets included within the person's estate, as that term is used in the Probate Act.”  Julius’s interest in the home and automobile would not be included in his “estate” under the Probate Act.  Those interests would be part of his more expansively defined estate, but those cannot be reached by the Department because Julius does not fall within the second situation.

The use of “however”in the statute implies a distinction or limitation, and in this case, the limitation on the application of the Probate Act definition of "estate" is set forth in the clause that reads “in the case of a deceased person who has received *** benefits under a long-term care insurance policy.”  In that situation, the broader definition applies.  Nothing in the record indicates Julius received or was entitled to benefits under a long-term-care insurance policy.  Therefore, Julius’s “estate” for purposes of section 5-13 of the Illinois statute would be limited to real and personal property included within his probate estate; which, in this case, was none.

C. The Department Cannot Maintain a Claim Against the Estate of Beverly

The Department admits the statute’s broad definition of "estate" is applicable only to a deceased person who received benefits under a long-term-care insurance policy and that Julius did not.  The Department argues, however, that its claim is not against Julius’s “estate,” regardless of how defined, but against Beverly’s estate as his surviving spouse.  The Department maintains that a claim against the estate of the surviving spouse of an aid recipient is permitted under section 5-13 and is not prohibited by federal law.  The Department further asserts that, because a claim against the probate estate of the surviving spouse is permitted, it does not need to rely on the broad definition of “estate” to reach the property in Beverly’s estate.  Petitioner counters, arguing that federal law limits the State’s recovery to the estate of the individual Medicaid recipient.  We believe petitioner is correct and that, contrary to the Department’s argument, recovery from the estate of a surviving spouse is, in fact, prohibited by federal law.

The federal statute governing recovery of medical assistance by states appears at 42 U.S.C. §1396p(b) and reads, in pertinent part, as follows:

"(b) Adjustment or recovery of medical assistance correctly paid under a State plan
  (1) 
No adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan may be made, except
 that the State shall seek adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan 
in the case of the following individuals
: 

(A) In the case of an individual described in subsection (a)(1)(B) of this section, the State shall seek adjustment or recovery from the individual's estate or upon sale of the property subject to a lien imposed on account of medical assistance paid on behalf of the individual.
(footnote: 1)
 (B) In the case of an individual who was 55 years of age or older when the individual received such medical assistance, the State shall seek adjustment or recovery from the individual's estate ***[.]

* * *

(C) (I) In the case of an individual who has received (or is entitled to receive) benefits under a long-term care insurance policy in connection with which assets or resources are disregarded in the manner described in clause (ii), except as provided in such clause, the State shall seek adjustment or recovery from the individual's estate on account of medical assistance paid on behalf of the individual for nursing facility and other long-term care services.

* * *

(4) For purposes of this subsection [(b)], the term ‘estate’, with respect to a deceased individual--

(A) shall include all real and personal property and other assets included within the individual's estate, as defined for purposes of State probate law; and 

(B) 
may include, at the option of the State
 (and shall include, in the case of an individual to whom paragraph (1)(C)(I) applies), any other real and personal property and other assets in which the individual had any legal title or interest at the time of death (to the extent of such interest), including such assets conveyed to a survivor, heir, or assign of the deceased individual through joint tenancy, tenancy in common, survivorship, life estate, living trust, or other arrangement.”  (Emphases added.)  42 U.S.C. §1396p(b) (2000).

A plain reading of the statute discloses a blanket prohibition against states’ recovery of medical assistance benefits, except in the three specified situations, and because that initial prohibition is not lifted by an express authorization to recover medical assistance benefits from the estate of a surviving spouse, Illinois law allowing just such a recovery exceeds the authority granted states under the federal law.  This was the rationale applied by the Wisconsin Court of Appeals in 
In re Estate of Budney
, 197 Wis. 2d 948, 951, 541 N.W.2d 245, 246 (Wis. App. 1995), which concluded that its state statute authorizing recovery of medical assistance payments from the estate of a recipient’s surviving spouse exceeded the authority granted by the federal statute.

The Department responds “the interpretation of the statute in 
Budney
 is weak because its overly formalistic approach undermines the purpose of the Medicaid [a]ct.”  The Department also asserts that the rationale of the 
Budney
 court has been rejected by four other states.  See, 
e.g.
, 
North Dakota Department of Human Services v. Thompson
, 586 N.W.2d 847 (N.D. 1998).  The 
Thompson
 court rejected the same argument put forth by petitioner, finding that the “expansive definition [of ‘estate’] is broad enough to encompass [a] claim against the estate of a deceased spouse of a deceased recipient of medical assistance benefits for the amount of medical assistance paid out, to the extent the recipient at the time of death had any title or interest in assets which were conveyed to his or her spouse ‘through joint tenancy, tenancy in common, survivorship, life estate, living trust, or other arrangement.’ ”  
Thompson
, 586 N.W.2d at 850.  

The 
Thompson
 court also based its decision on the need to further the purpose of the estate recovery provisions by “allowing states to trace a recipient's assets and recover them from the estate of a recipient's surviving spouse.”  
Thompson
, 586 N.W.2d at 851.  The court found the purpose of those provisions was to allow states to recover from the estates of persons who previously received assistance to further the broad purpose of providing for the medical care of the needy and that the greater amount recovered by the state allows the state to have more funds to provide future services.  
Thompson
, 586 N.W.2d at 851.  It could be noted that the purpose discussed in 
Thompson
 would be equally well served and in a manner consistent with the federal law had Illinois not limited recovery from the expanded estates of the actual recipients to those with long-term-care coverage.

We disagree with 
Thompson
’s conclusion that the expanded definition of "estate" in paragraph 4 of the federal statute (42 U.S.C. §1396p(b)(4) (2000)) is broad enough to encompass a claim against the estate of a surviving spouse.  No definition of Julius’s estate, no matter how broad, can trump the statute’s absolute prohibition against recovery from any person not covered by an express exception.  In other words, which definition of “estate” is applicable is irrelevant if federal law does not permit states to seek recovery of medical assistance payments from the estate of the surviving spouse of a recipient.  The federal statute clearly and unambiguously states that recovery of any medical payments is generally not permitted.  That statute goes on to list 
three
 specific exceptions to that rule.  See 42 U.S.C. §1396p(b)(1) (2000) ("No adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan may be made, 
except
 *** " (emphasis added)).  Surviving spouses are not included in those exceptions.

The Department argues that just because the statute does not explicitly permit recovery from the surviving spouse of an aid recipient, it should not be read to prohibit that action.  However, “[u]nder the principle of 
expressio unius est exclusio alterius
, the enumeration of exceptions in a statute is construed as an exclusion of all other exceptions.”  
People ex rel. Sherman v. Cryns
, 203 Ill. 2d 264, 286, 786 N.E.2d 139, 154 (2003).  Applying this rule of statutory construction to the case at bar, this court must conclude that the federal statute does not contain an exception permitting recovery from the spouse of a recipient of medical assistance correctly paid under a state plan.  The contrary decision of the trial court must be reversed.

CONCLUSION

Because federal law does not provide an exception to the general rule prohibiting recovery of medical assistance payments that would permit recovery from the estate of the surviving spouse of a recipient, Illinois law to the contrary exceeds the authority granted under federal statute.  The Department’s claim against Beverly’s estate must, therefore, be dismissed.  The order of the Rock Island County circuit court is reversed and the cause remanded for further proceedings consistent with this opinion.

HOLDRIDGE, J., concurs. 

SCHMIDT, J., dissents. 

   JUSTICE SCHMIDT, dissenting:

I disagree with the majority's decision to accept the rationale and reasoning applied in 
Budney
 and to reject the reasoning set forth in 
Thompson
 and, therefore, respectfully dissent.  

The majority claims the federal statute contains an "absolute prohibition against recovery from any person not covered by an express exception."  Slip op. at 10.  I find such an interpretation ignores the federal mandate that "the State shall seek adjustment or recovery of any medical assistance correctly paid on behalf of an individual" at the appropriate time prescribed by statute.  42 U.S.C. §1396p(b)(1) (2000).  

As the majority notes, 42 U.S.C. §1396p(b)(4) defines the term "estate" and further allows for a state to refine that definition.  42 U.S.C. §1396p(b)(4) (2000); slip op. at 8.  

     As the majority more than adequately and fairly sets forth the reasoning and rationale behind the 
Budney
 and 
Thompson
 decisions, it would be redundant to engage in a lengthy analysis of the two differing schools of thought here.  Suffice it to say, I believe the 
Thompson
 court was correct in holding that the expansive definition of "estate" contained within the federal statute is broad enough to encompass a claim against the estate of a deceased spouse such as Ms. Hines in this matter.  
Thompson
, 586 N.W.2d 847. 

For the foregoing reasons, I would affirm the trial court and, therefore, respectfully dissent.

FOOTNOTES
1: The Department does not argue and the record does not disclose the existence of any such lien.