2026 IL App (2d) 250162-U
No. 2-25-0162
Order filed March 31, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

NASSAR ADI, Petitioner-Appellee,

v.

TAMEM T. ADI, Respondent-Appellant.

Appeal from the Circuit Court of Lake County.
Honorable James R. M. Newman, Judge, Presiding.
No. 20-OP-1975

JUSTICE HUTCHINSON delivered the judgment of the court.
Presiding Justice Kennedy and Justice Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not err in denying respondent's petition for relief from a "void" judgment under section 2-1401; the record established respondent appeared in court during the 2020 proceedings and thereby waived his objection to personal jurisdiction.

¶ 2    Respondent, Tamem T. Adi, appeals from the denial of his petition under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2024)) for relief from a 2020 order that unsealed proceedings on an emergency order of protection (EOP), and terminated that case. The circuit court denied Tamem's section 2-1401 petition, which claimed that the 2020 order was void for lack of personal jurisdiction. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On October 29, 2020, petitioner, Nassar Adi, filed a petition for an EOP against Tamen, who is his adult son. The petition indicated that Nassar and Tamem lived at the same address, along with other family members and that Tamem was abusive to his father, mother, and younger brother. On the same day that the petition was filed, the circuit court (Judge Reginald Mathews) entered an EOP effective until 5 p.m. on November 18, 2020. The order set the matter for a hearing at 1:30 p.m. on that same date. The record on appeal does not include a transcript of any proceeding on November 18, 2020. However, a written order entered on that date stated:

> "NO PROOF OF SERVICE; HOWEVER PETITIONER AND RESPONDENT ARE PRESENT VIA ZOOM; PETITIONER REQUESTED A DISMISSAL BECAUSE THE RESPONDENT NOW HAS HIS OWN DWELLING; CLERK TO UNSEAL"

The order further provided that "pursuant to [p]etitioner's request, the cause is non-suited."

¶ 5      On April 19, 2024, Tamem filed a *pro se* motion to "Quash, Call, Vacate, Strike," using a standard form approved by our supreme court. The sole reason offered for the relief requested was the following handwritten sentence: "Motion [illegible] w/ [illegible][.]" The notice of motion stated that the motion would be heard on "May 3 *** or April 26." The circuit clerk's minutes indicate that no one appeared on either date and no orders were entered.

¶ 6      On May 29, 2024, Tamem filed a *pro se* "Motion to Quash Pursuant to 735 ILCS 5/2-301." The motion stated that the grounds for relief would "be provided in Camera Review," and requested that the court "direct the Clerk to remove the case from the index." Tamem noticed the motion for a hearing on June 5, 2024. The clerk's minutes for that date indicate that Tamem appeared and the matter was continued to June 26, 2024. A transcript of proceedings on that date shows that the circuit court called this case and two others—*Adi v. Adi*, No. 24-OP-484 (Cir. Ct.

Lake Co.), and *Adi v. Vehrs*, No. 19-OP-416 (Cir. Ct. Lake Co.) We note that, according to the transcript, Nassar and Halle Vehrs appeared at the hearing. In this respect, there is a discrepancy between the transcript and the clerk's minutes, which indicate that Tamem, not Nassar, appeared at the June 26, 2024, hearing. Based on statements made during the hearing—the only hearing for which we have transcripts—it is clear that Tamem, not Nassar, was present to argue his motion.

¶ 7    At the hearing, the court (Judge Bolling Haxall) initially noted that Tamem had previously filed a request "to essentially seal or dismiss or otherwise take action with respect to each of these petitions" and that the matter was before the court for a hearing. Asked if he had any legal authority to support the request, Tamem presented the court with what he described as an unfinished petition. Most of the hearing appears to have pertained to the case in which Tamem was the petitioner, and Vehrs was the respondent. When the circuit court asked Tamem if he had any argument with respect to the other two cases, Tamem asked for a continuance to "bring more citations." The circuit court replied "Sir, this is the hearing. I gave you until today to get ready for hearing." The circuit court denied Tamem's motion and advised him of his right to appeal. Tamem protested that he "did not provide [the court] with totally different arguments for the other case numbers" and he "[did not] think it's appropriate to rule on that yet."

¶ 8    We note that we have only been provided with the record in 20-OP-1975 and the only transcript it contains is of the June 26, 2024, hearing. The court files in the other two cases are not before us.

¶ 9    On July 24, 2024, attorney Mervate Mohammad entered an appearance as counsel for "Tamem Adi Halle Vehrs" and filed a verified motion to reconsider the denial of Tamem's motion to quash, which was noticed for a hearing on August 2, 2024. The motion asserted that Tamem did not appear at the November 18, 2020, hearing. According to the motion, Tamem believed that

Nassar had Tamem's brother appear at the hearing and identify himself as Tamem. The motion sought reconsideration on the basis that the transcript of the June 26, 2024, hearing established that the court did not allow Tamem to argue that he was entitled to relief. The motion cited section 2-1401 as the procedural basis for vacating the November 18, 2020, order, which (according to the motion) was void for lack of personal jurisdiction over Tamem.

¶ 10    Nassar and attorney Muhammad appeared at the August 2, 2024, hearing on the motion to reconsider. The court continued the matter several times before ultimately denying the motion on November 22, 2024. In the interim, Nassar filed a response to Tamem's motion to reconsider, asserting that Tamem *did* appear by video at the November 18, 2020, hearing. The record contains no transcripts of the proceedings on the motion, but the record indicates that Tamem appeared via video at the November 22, 2024, hearing at which the circuit court denied the motion to reconsider. The circuit court's written order denied Tamem's "request to seal the matter." Attorney Mohammad was granted leave to withdraw as counsel for Tamem.

¶ 11    On December 19, 2024, Tamem filed, *pro se*, a "motion" under section 2-1401 to vacate the order of protection entered on October 29, 2020. He noted that the record did not show that he had been served with the petition for the order of protection and that section 202(a-5) of the Illinois Domestic Violence Act of 1986 (Act) (750 ICCS 60/202(a-5) (West 2020)) provides that "[w]hen a petition for an emergency order of protection is filed, the petition shall not be publicly available until the petition is served on the respondent." Tamem claimed that, at the June 26, 2024, hearing on his motion to quash, he "was not allowed to present his motion or documents in hand and the Sheriff then made approach to intimidate [him] to physically leave *** and essentially communicating, [he] does not have a right to be present in court, speak or petition for grievance." On January 28, 2025, the circuit court (Judge James Newman) entered an order striking the motion

from the call because Tamem failed to appear and the relief requested had previously been denied. On February 5, 2025, Tamem filed a second "motion" pursuant to section 2-1401 "to Strike and Vacate Emergency Order of Protection," yet again claiming that he had not been served with the petition for the emergency order of protection and that he was not present at the hearing at which the circuit court ordered the petition unsealed. The circuit court denied the motion on March 19, 2025. Tamem filed a notice of appeal on April 17, 2025.

¶ 12                                    II. ANALYSIS

¶ 13      Tamem argues on appeal that the November 18, 2020, order, which unsealed the emergency order of protection, was void for lack of personal jurisdiction and that the circuit court erred by refusing to vacate the order. Although Nassar has not filed a brief, we will consider the appeal pursuant to the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976). Having done so, we find no error in the circuit court's judgment.

¶ 14      We begin by noting that our jurisdiction in this case is limited to reviewing the circuit court's denial of Tamem's section 2-1401 petition on March 19, 2025. See *Holloway v. Kroger Co.*, 253 Ill. App. 3d 944, 947 (1993). Unfortunately, unlike the proceedings surrounding his motion to quash and two motions to reconsider, there is no transcript or explanation as to *why* the circuit court denied Tamem's section 2-1401 petition. In other words, it is an open question as to whether the circuit court found Tamem's section 2-1401 petition was barred under *res judicata* (because the court already decided the same issue when it disposed of Tamem's other postjudgment filings) or whether the court found that the section 2-1401 petition failed for some other reason. Regardless, it is well settled that the "appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record

on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant,* 99 Ill. 2d 389, 391-92 (1984).

¶ 15　We would reach the same result, however, if we were to consider Tamem's section 2-1401 petition on the merits. In that petition, Tamem repeats his claim that he never appeared in court in the underlying case, and therefore never waived his objection to personal jurisdiction. He also suggested an alternative and asked the circuit court to modify the November 18, 2020, dismissal order to seal the case, but the circuit court lost jurisdiction to do that years ago. See *In re Marriage of Heinrich*, 2014 IL App (2d) 121333, ¶ 35 ("[i]t is well established that a trial court loses jurisdiction over a case and the authority to vacate or modify its judgment 30 days after the entry of judgment, unless a timely postjudgment motion is filed"). However, Tamem's principal claim (that the November 18, 2020, order was void for lack of personal jurisdiction) could be raised at any time, either directly or collaterally, or even for the first time on appeal. See generally *In re Dar. C.*, 2011 IL 111083, ¶ 60; *In re M.W.*, 232 Ill. 2d 408, 414 (2009); *Belleville Toyota, Inc. v. Toyota Motor Sales*, 199 Ill. 2d 325, 333 (2002).  Thus, it is appropriate for us to at least consider the issue, insofar as we can. Both the dismissal of a section 2-1401 petition and the issue of whether the circuit court had personal jurisdiction over a party are questions of law, which we review *de novo*. *BAC Home Loans Servicing, LP v. Mitchell,* 2014 IL 116311, ¶ 17.

¶ 16　A party consents to personal jurisdiction by appearing before the court, or he may have personal jurisdiction imposed upon him by effective service of summons. *In re M.W.*, 232 Ill. 2d at 426. We note that although there was no proof of service for the underlying EOP, the record indicates that Tamem appeared at the November 18, 2020, hearing, where the EOP proceeding was terminated. It is axiomatic that by appearing before the court, without filing an objection (see 735

ILCS 5/2-301 (West 2020)), Tamem voluntarily submitted to the court's authority and waived his objection to personal jurisdiction.

¶ 17    Tamem's section 2-1401 petition would not be enough to convince us otherwise. The petition included Tamem's denial that he appeared in court on November 18, 2020, as well as an affidavit from a "Licensed Physician's Assistant" stating that Tamem's "medical condition *** including observed severe nausea and vomiting, made it medically inappropriate for him to fully participate in legal proceedings or communicate effectively with counsel." Notably, this affidavit stops short of corroborating Tamem's claim that he did not appear at the November 2020 hearing. Rather, the affidavit is limited to stating that *if* Tamem appeared, then the affiant felt his appearance would have been hamstrung by an unspecified medical condition possibly resulting in, or related to, nausea. There is also a second purported affidavit from a physician, but it is undated, unsigned, and unnotarized, rendering it a nullity. See *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 497 (2002).

¶ 18    At any rate, we know of no authority (and Tamem cites none) standing for the proposition that the certified record of a party's in-court appearance must be disregarded years later, as a matter of law no less, when that same party offers an uncorroborated, self-serving claim that he or she did not appear. Such a holding would allow any party to escape the effects of any inconvenient legal proceeding by merely waiting for the circuit court's jurisdiction to lapse then filing a petition disclaiming their appearance (and claiming that whoever appeared must have been an imposter). At no point does Tamem even state where he was instead of in court (albeit online) on November 18, 2020. We do not mean to imply that court records are infallible. Mistakes can be made, such as with the transcription error on June 26, 2024. But court records typically have a presumption of validity. Consequently, to the extent the circuit court ruled on the merits, we could not fault the

court for declining to accept Tamem's tepid denial of his in-court appearance, which we would reject as well.

¶ 19                                    III. CONCLUSION

¶ 20    Whether we rely on the presumption of correctness *vis-à-vis Foutch*, or consider the underlying personal jurisdiction claim, we can find the circuit court's decision to deny Tamem's section 2-1401 petition was not erroneous. Therefore, for the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 21    Affirmed.